## WOOD *v.* BAILEY, ASSIGNEE.

1. Under the eighth section of the Bankrupt Act, which enacts that "no appeal shall be allowed in any case from the District to the Circuit Court unless it is claimed and notice given thereof, . . . to the assignee . . . or to the defeated [*sic*] party in equity, *within ten days after the entry of the decree or decision appealed from,*" the omission to give the notice within the ten days specified is fatal to the appeal.
2. The word "defeated," in the above quotation, which, as to that word, follows both the Statutes at Large and the Revised Statutes, should be construed as meaning the "opposite," "adverse," or "successful" party.

APPEAL from an order of the Circuit Court for the Southern District of Alabama, dismissing an appeal which one Wood sought to prosecute from a decree of the District Court sitting in bankruptcy.

Bailey, assignee in bankruptcy of a bankrupt, filed a bill in chancery in the District Court against Wood, Whitfield, and others, in regard to a mortgage held by Wood, and a supposed vendor's lien claimed by the other parties, on lands owned by the bankrupt and passing to the assignee by the assignment in bankruptcy. The object of the bill was to contest the validity of these liens, and to have a sale of the land discharged of the claims asserted by the defendants. A subpœna issued on the bill and was served on all the defendants. They appeared, demurred, and answered in regular course of chancery procedure. Testimony was taken and a final decree rendered in the District Court declaring all the claims of the defendants void as liens on the land. This decree was filed in the court on the 21st day of June, 1871, though dated on the first day of that month. The record showed notices of appeal addressed to the clerk of the District Court by the counsel for Wood and by the counsel for Whitfield, both of

which were dated and filed in the District Court on the said 21st of June; the day the decree was filed. But no notice of this appeal was given to Bailey the assignee, until October 28th, 1871.

Upon motion of the appellee this appeal was dismissed in the Circuit Court for want of notice in time to the assignee.

The question now was whether it was rightly dismissed for such cause.

The eighth section of the Bankrupt Act which provides for this class of appeals declares that—

"No appeal shall be allowed in any case from the District to the Circuit Court unless it is claimed and notice given thereof to the clerk of the District Court, to be entered with the record of the proceedings, and also to the assignee or creditor, as the case may be, or to the defeated [sic] party in equity, *within ten days after the entry of the decree or decision appealed from.*"*

*Mr. T. H. Price, for the appellant; Mr. P. Phillips, contra.*

Mr. Justice MILLER delivered the opinion of the court.

We concur with the judge of the Circuit Court, that for want of service of notice of the appeal on Bailey, the assignee, within ten days of the time of filing the decree in the District Court, the appeal must be disallowed.

The language of the statute is very strong and admits of no other interpretation. No appeal shall be allowed *in any case from the District to the Circuit Court*, unless it is claimed and notice given to the clerk, and also to the other party, within ten days after the entry of the decree or decision appealed from.

The failure to give notice to the other party within the ten days, whether claimant or assignee, is equally fatal to the appeal, as the failure to give the notice to the clerk that the appeal is claimed.

This is in harmony with the policy of the Bankrupt law, second only in importance, as we have recently said in the

---

* 14 Stat. at Large, 520.

case of *Bailey, Assignee,* v. *Glover,*[*] to the policy of equal distribution, namely, the necessity of speedy disposition of the bankrupt's assets. In that case this same provision for limiting the time for appeals is referred to as evidence of that policy.

There is in the statute, as printed in the Statutes at Large, what seems to us a manifest clerical error, or verbal mistake in the use of words "defeated party" as one to be notified of the appeal, and the error is also found in the Revised Statutes, section 4981. The "defeated party in equity" is generally the one who takes the appeal, and does not, therefore, require notice, but must give it. We can see no use or sense in that word in that connection. The purpose of the act, the remainder of the section in which the word is used, and the impossibility of any other reasonable meaning, requires that the word should be construed "opposite party," or "successful party," or "adverse party;" in a word, the party who does not appeal in an equity suit, and who is interested to oppose the appeal.

In any event, the party to be notified in this case was the assignee, Bailey, and he was not notified within the time which the statute makes a condition of the right of appeal, and the decree of the District Court dismissing it is

AFFIRMED.