### *In re* McEWEN and others, Bankrupts.

*(Circuit Court, D. Indiana.* ——, 1880.)

1. APPEAL—CIRCUIT COURT—TIME.—An appeal from an order of the district court should be entered in the circuit court within ten days after the appeal is taken, although the circuit court is in session at the time the order is made, and continues so up to the end of the ten days.

In Bankruptcy. Motion to Dismiss Appeals.

*Herod & Winter, Ralph Hill,* and *S. Stansifer,* for assignee.

*Harrison, Hines & Miller,* and *McDonald & Butler,* for creditors.

DRUMMOND, C. J. This is a motion to dismiss two appeals that have been taken in a bankruptcy case from orders of the district court disallowing certain claims against the estate of the bankrupts.

The facts are that the order disallowing these claims was made by the district court on the twenty-seventh of November, 1879. That order seems to have been made in the absence of counsel for the claimant, and on an application to the court on the seventeenth of December, 1879, the court opened the orders and reconsidered the cases for the purpose of allowing the parties to take an appeal to the circuit court, reforming its orders in both cases. An appeal was taken from that order on the seventeenth of December, and there was no question about the appeal being taken in the proper time, and the bond being given so as to consummate that appeal. The appeal was taken during the term of the court. In fact, the term of the court still continues.

The objection on the part of the assignees to this appeal is that the appellants did not comply with the law of congress in entering their appeal in the circuit court within ten days from the time the order was rendered. The question is whether that should have been done.

The contention between the two parties is: On the part of the assignees, that the appeal should be entered in the circuit court, if the court is in session at the time the order is entered, and continues up to the end of the ten days, during the court, although it is the same term. On the other hand, it is claimed by the appellants that it is sufficient if the appeal is entered in the circuit court at the succeeding term after the order entered.

I am of the opinion that the true construction of the acts of congress and of the rules of the supreme court, on the subject, is that the appeal should be entered in the circuit court within ten days after the appeal is taken, although the circuit court is in session at the time the order is made, and continues so up to the end of the ten days.

It is necessary to recur to the language of the original bankrupt act on this subject: "No appeal shall be allowed in any case, from the district to the circuit court, unless it is claimed, and notice given thereof to the clerk of. the district court, to be entered with the record of proceedings, and also to the assignee or creditor, as the case may be, or to the defeated party in equity, within ten days after the entry of the decree or decision appealed from." "Such appeal shall be entered at the term of the circuit court which shall be first held within and for the district next after the expiration of ten days from the time of claiming the same."

The only difference between the language and that now found in the Revised Statutes as a part of the bankrupt law, is that the word "first" is left out in the revision; but that clearly cannot make any difference in the sense. "The appeal shall be entered at the term of the circuit court which shall be held within and for the district next after the expiration of ten days from the time of claiming the same," means precisely the same as though it were "first held within and for the district;" because it is claimed that the word "next" gives significance to the sentence, and it means the term succeeding that at which the order is entered next after the expiration of ten days. See sections 4981 and 4982, Rev. St. U. S.

The true meaning, I take it, is that if the circuit court is in session more than ten days after the order is made, the appeal shall be then entered. That is the term, within the meaning of the law, next after the entering of the order.

This is the twenty-sixth rule made by the supreme court under that law: "Any supposed creditor who takes an appeal to the circuit court from the decision of the district court, rejecting his claim in whole or in part, according to the provisions of the eighth section of the act, shall give notice of his intention to enter the appeal within ten days from the entry of the final decision of the district court upon his claim; and he shall file his appeal in the clerk's office of the circuit court within ten days thereafter, setting forth a statement, in writing, of his claim, in the manner prescribed by said section." The supreme court gave a construction of the statute by enacting that rule, and it would seem as though in that way only

can we carry out the object which the bankrupt law had in view. Now, take this district. The court, by statute, only sits twice a year, once in May and once in November, and it certainly could not have been the intention of congress in such a case that there should be an interval of six months, or more, as there might be before the entry of an appeal should be made in the circuit court, and therefore the supreme court, in considering the statute, required that the appeal should be entered in the circuit court within ten days after the order made by the district court.

If it is to be entered at the succeeding term, and if the words "next after the expiration" from the time of claiming the same mean the succeeding term, then, of course, there is no significance to be given to the word "first." Perhaps, on that account, it was omitted in the Revision.

The statute has been construed in other cases—in *Wood* v. *Bailey*, 21 Wall. 640; *In the Matter of Coleman*, 7 Blatchf. 192—in which the court held that after the claim of a creditor of a bankrupt's estate was rejected by the district court, and an appeal taken from the decision of the district court, he must enter his appeal within ten days in the circuit court, and comply with order No. 26, and that he must also set forth a statement in writing, etc. This has been the law ever since the statute was enacted, and section 4984 of the Revised Statutes requires that, upon entering his appeal in the circuit court, the appellant shall file with the clerk a statement of his case and the amount claimed in his declaration. In the case in 7 Blatchford the appeal was dismissed because the entry was not made accordingly. And the point is decided in the same way in *In re Place* v. *Sparkman*, 4 B. R. 541. And unless the omission of the word "first" in the Revision changes the meaning of the law as it was originally enacted, then these decisions are in point. And although the last are not absolutely controlling in this court, still I think it must be considered the true construction of the act. It is especially the construction which the supreme court has placed upon the original bankrupt law, and I do not think the omission of the word "first" changes that construction.

So the appeals will be dismissed in both cases.