## MEAD, Ex'x v. PLATT, Assignee.

*(Circuit Court, S. D. New York. August 2, 1883.)*

**BANKRUPTCY—APPEAL FROM DISTRICT COURT—NOTICE TO ASSIGNEE—REV. ST. §§ 4980, 4981, 4984, 5081.**

The failure to give notice of an appeal from the disallowance by the district court of a claim against an estate in bankruptcy to the assignee is fatal to it, and good ground for moving to dismiss it; for in such case the assignee is the "adverse party," in the sense of Rev. St. § 4981.

In Bankruptcy.

*William W. Ladd, Jr.,* for plaintiff.

*Coleridge A. Hart,* for assignee.

WHEELER, J. This is an appeal by the plaintiff from the disallowance by the district court, held by Judge BROWN, of her claim against the estate in bankruptcy of which the defendant is assignee. The claim was examined on application of Mary E. Travis, a creditor, and contested by her. Notice of the appeal was given to her within ten days from the entry of the decision, but not to the as-

signee.   The assignee has moved to dismiss the appeal for this cause, among others; and the motion has been heard by consent of parties, which was required before hearing, although this case is not within the terms of the statute in relation to hearing appeals from a district court by a district judge.   Rev. St. § 614.

The failure to give notice of the appeal to the adverse party, as required by section 4981, Rev. St., is fatal to it, and good ground for moving to dismiss it.   *Wood* v. *Bailey*, 21 Wall. 640.   Unless the moving creditor in the district court is the adverse party, within the meaning of section 4981, this appeal must, on the authority of that case, be dismissed.   The provisions of that section must be read with the others on the same subject for a correct understanding of them. The preceding section allows appeals in equity, and writs of error at law, when the debt or damages claimed amount to more than $500, and gives an appeal to "any supposed creditor whose claim is wholly or in part rejected, or an assignee who is dissatisfied with the allowance of a claim."   This section requires the notice to be given "to the assignee or creditor, as the case may be."   The assignee represents the estate, and is the adverse party to all claimants against the estate.   He is the party who, by section 4984, must plead or answer to the declaration of the claimant, and against whom, by section 4985, costs are to be taxed as "the adverse party," if the claimant prevails.   A creditor applying for and procuring the examination of a claim does no more than the court may do of its own notion, and does not become a party to that particular claim.   Section 5081. Such creditor merely sets the machinery in motion to have the claim adjudicated by the court; the defense of the claim must always be in the name and behalf of the assignee.   There are no provisions for making such moving creditor any otherwise a party.   The words "assignee or creditor, as the case may be," must mean assignee when the creditor appeals, and creditor when the assignee appeals. When the creditor appeals, the assignee is the one who must plead and make defense, and the one who needs notice of the appeal to act upon.   He is the adverse party, in the sense of section 4981.

Motion granted and appeal dismissed.