## EX PARTE MEAD, Executrix, Petitioner.

### ORIGINAL.

Submitted October 29th, 1883.—Decided November 12th, 1883.

### *Appeal—Bankruptcy.*

When a claim presented for proof in bankruptcy as a debt against the bank-
    rupt's estate is rejected by the district court, an appeal from the decision
    to the circuit court is incomplete and invalid, if the appellant fails to
    give to the assignee the notice thereof which the statute requires, within
    ten days after the decision—even though such notice may have been given
    to the objecting creditor.

Petition for mandamus.

*Mr. F. W. Hackett* submitted the motion for the rule. The facts fully appear in the opinion of the court.

Mr. Chief Justice Waite delivered the opinion of the court.

James C. Mead, in his lifetime, filed with a register in bankruptcy proof of his claim against the estate of Abraham Mead, a bankrupt. Mary E. Travis, a creditor of the bankrupt, applied for a re-examination, and upon consideration the claim was rejected by the district court. Pending the proceedings James C. Mead died, and the petitioner, his executrix, appeared in his stead. After the rejection of the claim the executrix took an appeal to the circuit court, and did all that was necessary to perfect such an appeal, except giving notice to the assignee within ten days after the entry of the decision. This she did not do, but she did give notice to the objecting creditor within the prescribed time. The circuit court, on the application of the assignee, refused to entertain the appeal, because of the failure of notice to him. The petitioner now seeks by mandamus to require the circuit court to take the case and proceed therewith.

By sec. 4980 of the Revised Statutes "appeals may be taken from the district to the circuit courts in all cases in equity" arising under the bankrupt act . . . . ; "and any supposed creditor, whose claim is wholly or in part rejected, or an assignee who is dissatisfied with the allowance of a claim, may appeal from the district court to the circuit court for the same district;" but by sec. 4981 no such appeal can be allowed, unless, among other things, notice thereof be given "to the assignee or creditor, as the case may be, or to the defeated party in equity, within ten days after the entry of the decree or decision appealed from." If a supposed creditor takes an appeal from an order rejecting his claim, he must, under the provisions of sec. 4984, file in the clerk's office of the circuit court "a statement, in writing, of his claim, setting forth the same, substantially, as in a declaration for the same cause of action at law, and the assignee shall plead or answer thereto in like manner, and like proceedings shall be thereupon had in the

pleadings, trial, and determination of the cause, as in actions at law commenced and prosecuted in the usual manner in the courts of the United States."

In *Wood* v. *Bailey*, 21 Wall. 640, it was decided that the omission to give notice to an assignee of an appeal from a decree in his favor in a suit in equity was fatal to the appeal. The effect of the ruling in that case is that the statute makes the notice within the prescribed time "a condition of the right of appeal" under sec. 4980. That seems to us conclusive of the present case. Proceedings under sec. 5081 for the re-examination of a claim filed against a bankrupt's estate are in the nature of a suit against the assignee for the establishment of the claim. A creditor may move for the re-examination, and, under general order in bankruptcy No. 34, may be required to form the issue which is to be certified to the district court for determination, but the assignee alone can appeal from an order of allowance, and if the supposed creditor appeals the assignee must defend in the circuit court, where the proceedings are against him. Hence the necessity for notice to him in such cases; and, in our opinion, the words "to the assignee or creditor, as the case may be," in sec. 4981, mean to the assignee if the appeal is by the supposed creditor, and to the supposed creditor if it is by the assignee.

As, upon the petitioner's own showing, the circuit court properly refused to entertain his appeal,

*The rule asked for is denied, and the petition dismissed.*