WAYLAND D. WEST, as Executor and Trustee, etc., of ISAAC V. PLACE, Deceased, Respondent, *v.* WILLIAM PLACE and Others, Appellants.

*Notice of appeal — upon whom it must be served under* § *1300 of the Code of Civil Procedure — dismissal of an appeal.*

Under the provisions of section 1300 of the Code of Civil Procedure, all the defendants in an action whose interests are adverse to those of the appellants, and who have appeared and interposed answers hostile to them, must be held to be parties adverse to the appellants within the meaning of such section, and a notice of appeal from the judgment entered in such action should be served upon all such defendants. The failure to do so is a failure to fully comply with the provisions of the statute under which, only, appeals can be taken.

An appeal to the General Term of the Supreme Court must be dismissed as irregular and invalid where the notice of appeal was not served upon the parties to the action, who are adverse to the appellants, and whose interests are opposed to theirs on the appeal, when a review as to such adverse parties is necessary to a complete and proper determination of the appeal, and when the time has expired within which to appeal.

MOTION by the plaintiff, Wayland D. West, as executor and trustee, etc., of Isaac V. Place, deceased, to dismiss an appeal from a judgment of the Supreme Court, entered in the office of the clerk of the county of Fulton on the 3d day of June, 1893, giving judicial construction to the will of said Isaac V. Place, deceased.

*William Green*, for the respondent, in support of the motion.

*Anibal & West,* for the appellants, opposed.

MAYHAM, P. J.:

An action was prosecuted in this court by the executor and trustee named in the will of Isaac V. Place, deceased, for a judicial construction of that instrument.

All of the legatees and devisees named in the will of the testator were made parties to the action, and none of them took issue by their answer with the allegation of the complaint except five, who answered, denying the validity of the will, and demanded that the same be adjudged void, while all the other defendants who appeared by their answer admitted the validity of the will. The will, by the decree of the court, was declared valid, and all of its provisions sustained and construed in accordance with the provisions of the decree, upholding all the devises and bequests therein. From that decree the five contestants appeal, naming as respondents in their notice of appeal only the executor, who was plaintiff in the action, and serving the notice of appeal only on him and the clerk of the county with whom the records of the decree are filed and entered.

This appeal seeks to reverse the decree establishing the validity of the will, and to have it adjudged invalid and void, without serving a notice of appeal upon those defendants who are beneficiaries under the will, and who, by their separate answers, had asked that the will be sustained. The will and motion papers show that a reversal of the decree would deprive some of the defendants who are not made parties to this appeal of any share in the estate of the testator.

It is, therefore, insisted that they are necessary parties to the appeal, and as they gave proper written notice of the entry of the judgment or decree upon the appellants the notice of appeal should have been served upon them, and that without making them respondents in the appeal, no determination of the question raised by it can be had, and that, the time limited for the service of a notice of appeal on them having expired, the appeal is irregular and should be dismissed.

Section 1300 of the Code of Civil Procedure prescribes the mode of bringing appeals, and provides that it must be done by serving a notice upon the attorney of the adverse party and the clerk.

The defendants, whose interests are adverse to the appellants, and who have appeared and answered by answers hostile to them, must, we think, be held to be adverse parties to the appellants, within the meaning of section 1300 of the Code.

The notice of appeal should, therefore, have been served upon the defendants who appeared and interposed answers hostile to those of the appellants, and the failure to do that was a failure to fully comply with the statute under which, only, appeals can be taken. Section 1351 of the Code of Civil Procedure limits the time within which an appeal can be taken to thirty days after the service of a copy of the judgment or order upon the appellant's attorney, and written notice of the entry thereof, and section 784 of the same Code expressly prohibits the court or judge from enlarging the time for taking an appeal.

The appeal in the case not having been served upon the defendants, who were as to the appellants adverse parties, and whose interests are adverse to those of the appellants on the appeal, and a review as to such parties being necessary to a complete and proper determination of the appeal, and the time having expired for appealing, as to such adverse parties, with no power in this court to relieve the appellants from the consequences of their delay, this appeal must be regarded as irregular and invalid, and must, therefore, be dismissed.

PUTNAM and HERRICK, JJ., concurred.

Appeal dismissed, with costs to respondent, together with costs and disbursements on this motion.