### HALL v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. January 16, 1903.)

1. MECHANICS' LIENS—ASSIGNEE OF CONTRACTOR—PRIORITY.

The assignee of a building contractor's claim for installments due under his contract has a prior claim on the funds retained by the owner, as against mechanics' liens filed subsequent to the assignment.

2. SAME—JUDGMENT REFUSING PRIORITY — APPEAL—OMISSION OF NECESSARY PARTY—EFFECT.

Where the assignee of an installment due a building contractor appeals from a judgment erroneously denying his priority over a series of subsequent mechanic's lienors, but fails to make the fifth lienor in the series, who was plaintiff in the action, a party to the appeal, so

that either a modification or reversal of the judgment to secure the
assignee's rightful priority would also erroneously leave such plaintiff at
the head of the list and superior to the claims of the other lienors, and
it appears that in that event the funds due from the owner would be
insufficient to meet the claims, including that of the fourth lienor, the
judgment must be affirmed.

3. APPEAL—OMISSION OF NECESSARY PARTY—PROPER APPEAL BY CODEFEND-
ANT—EFFECT.
    Where a defendant in a mechanic's lien suit appeals from a judgment
erroneously denying him priority, but fails to make a necessary party a
respondent, his appeal cannot be aided by the fact that the defendant
owner, perfecting an appeal from the same judgment, has made such
party a respondent.

4. SAME—TIME FOR TAKING—STATUTORY PERIOD—ENLARGEMENT.
    Where the time fixed for taking an appeal is statutory, it cannot
be enlarged by action of the appellate court.

5. SAME—NOTICE OF APPEAL—INSUFFICIENT SERVICE—AIDER BY SUBSEQUENT
SERVICE.
    Code Civ. Proc. § 1303, provides that where appellant has properly
served notice of appeal either upon the clerk, or upon the adverse party
or attorney, but has omitted, through mistake or excusable neglect, to
serve it upon both, the appellate tribunal may, in its discretion, permit
the omission to be supplied, etc. An appellant omitted to serve notice
of appeal on the clerk, and also upon four of the adverse parties or
their attorneys. An order nunc pro tunc was made permitting service
on the clerk. Held, that the only effect of the order was to perfect
the appeal as to those defendants who had previously been served in
person or by attorney, and did not confer appellate jurisdiction as to the
defendants not served.

Appeal from special term, Kings county.

Action by Robert S. Hall against the city of New York and oth-
ers. From a judgment establishing the validity and priority of cer-
tain mechanics' liens and claims filed against the city of New York,
that defendant and the Western National Bank appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

James McKeen (David Joyce, on the brief), for appellant the city
of New York.

John Quinn, for appellant the Western Nat. Bank of City of New
York.

Frederick P. Bellamy, for respondent Hall.

Robert H. Wilson, for respondent Yellow Pine Co.

John T. Sackett, for respondent Otto E. Reimer Co.

Clarence Edwards, for respondent Card.

Theodore S. Rumney, Jr., for respondents Dannatt & Pell.

WOODWARD, J. There is very little controversy over the ma-
terial facts in this case, and, were it not for certain defects in the
matter of the appeal of the Western National Bank, there would
be very little trouble in adjusting this controversy in harmony with
well-established principles of law. On the 1st of November, 1897,
one Martin D. Walsh entered into a written contract with the board
of education of Union free school district No. 1, of the town of
Newtown, to erect a school building at Newtown, Queens county, for

¶ 4. See Appeal and Error, vol. 2, Cent. Dig. § 1921.

the sum of $47,603. This contract provided, among other things, that 85 per cent. of the value of the work completed by the first of each month should be paid during the week following, "provided that application shall be made in writing by the contractor, together with an accurate schedule of the materials furnished and work done since the last preceding payment," provided that in case of each payment the architects grant a certificate "specifying that the work has been done by the contractor in conformity with the terms of this contract, and according to the said plans and specifications, and is so far progressed as to entitle the contractor to the payment then to be made." The town of Newtown became a part of Greater New York under the provisions of chapter 378 of the Laws of 1897, and up to that time the board of education of Union free school district No. 1 of the town of Newtown had paid upon this contract $17,202.25. Thereafter certificates, which are in no wise impeached, were issued as follows: No. 805, March 10, 1898, $4,000, paid July 15, 1898; No. 512, April 7, 1898, $3,000, paid July 15, 1898; No. 517, May 23, 1898, $1,500, unpaid; No. 523, June 8, 1898, $4,200, unpaid; No. 534, July 6, 1898, $5,000, paid December 15, 1898; No. 547, August 3, $4,000, paid December 15, 1898. It appears, therefore, that on August 3, 1898, Walsh and those claiming under him had been given certificates, under the provisions of the contract, aggregating $38,902.25, which, with the addition of $7,865.11, which was the 15 per cent. which was to be reserved until the completion of the building, brought the total value of the work and materials furnished in the execution of this contract up to $46,767.36, or within $1,035.64 of the full contract price of the building. The city of New York, it will thus be seen, was and still is in default in the payment of a portion of these monthly sums, and the contractor, on or about the 15th of December, 1898, was obliged to abandon the work. The learned referee, to whom the matter was sent for trial and determination, has found, and we believe correctly, that the city of New York owes upon this contract the sum of $13,565.11; and the principal controversy involved is as to the priority of various mechanics' liens which were filed during the latter part of the year 1898, as well as the claim of the Western National Bank.

The evidence shows that the defendant the Western National Bank, on the 15th day of June, 1898, took certificates Nos. 517 and 523, for $1,500 and $4,200, respectively, as collateral security for loans of equal amount, and that these certificates have never been paid, although two certificates subsequently made, for $5,000 and $4,000, respectively, have been honored and paid. Subsequent to the loans, the Western National Bank took assignments of these certificates, and it is not questioned that at the time of taking assignments of such certificates there were no mechanics' liens filed. Indeed, one of the conditions of the contract was that prior to the making of any of the payments, for which these certificates were issued, the contractor was to furnish a certificate of the county clerk to the effect that no liens had been filed against the premises, and these certificates were furnished by the contractor on receiving

each of the certificates, and it was not until the 21st day of November, some three months after the assignment of the certificates to the Western National Bank, that any liens were filed. The bank had, in the case of each of the certificates, demanded payment immediately after the same came into its possession, and renewed this demand after taking the formal assignment of the same; and there can be no reasonable doubt, under the terms and the spirit of the contract with Walsh, that the bank became entitled to the money which was represented by these certificates, and might have maintained an action to recover the same against the city. The fact that the city did not pay them could give no rights to subsequent lienors. The rule is well settled that moneys earned or to become due under a contract may be assigned, and that the assignee takes a good title, in the absence of fraud, or anything to the contrary in the contract, to the amount so assigned, and subsequent lienors can reach only the interest remaining in the contractor. Bates v. Bank, 157 N. Y. 322, 327, 51 N. E. 1033, 1034, and authorities there cited. In the cited case, speaking of the authorities cited, it is said:

"The principle to be extracted from the cases is that a lienor obtains no greater right to the moneys payable by the owner than the contractor has, and, if the latter has assigned to a creditor, pro tanto, the assignee gains a preference over subsequent liens."

We are clearly of the opinion, therefore, that the Western National Bank, having come into the ownership of these certificates, which the city of New York, as the successor of the school district, had undertaken to pay within one week from the granting of the same, was entitled to a preference in the disposition of the fund found to be due from the defendant the city of New York.

But here we are confronted with a difficulty. The learned referee has given a decision, which has resulted in a judgment, holding that the mechanic's lienors, ranging in dates from November 21, 1898, to March 20, 1899, are entitled to preference over the Western National Bank, and it is conceded that "no notice of appeal on behalf of the defendant Western National Bank was, within thirty days after the service of the said judgment and notice of entry, served either upon or received by the clerk of the court, or served upon or received by the plaintiff or his attorney, or by the defendants, Charles J. Zufall, William W. Yaeger, Charles A. Bogardus, or by their respective attorneys; and the defendant the Western National Bank has not taken or perfected any appeal from that part of the judgment entered in favor of the plaintiff, Robert S. Hall, and the defendants Zufall, Yaeger, and Bogardus." There has been a consolidation of two actions into the one now before us, and the judgment rendered is practically a series of separate judgments foreclosing a number of mechanics' liens, and if we could determine the questions as between the remaining parties, who are properly before the court, without working injustice to those who have interests involved, it would undoubtedly be the duty of this court to modify the judgment in accordance with the law, but we are unable to discover any method by which this result can be accomplished. The plaintiff filed his lien on the 14th day of December, 1898, for $2,830. On the same day Dannatt and another filed a claim

for $1,917.21, and under the statute these two liens would have precedence over anything subsequently filed. On the 21st day of November, 1898, the Yellow Pine Company filed a lien for $718.75, and on the 3d day of December, 1898, defendant Shuldiner filed his lien for $700. These claims are, under the statute, entitled to preference over that of the plaintiff, and the learned referee in his report holds the claimants, aside from the small claims for wages represented by Zufall, Yaeger, and Bogardus, to be entitled to preference in the following order: The Yellow Pine Company, second; David Shuldiner, third; Dannatt & Pell, fourth; the plaintiff, Robert S. Hall, fifth; Charles Zeisniss, sixth; Otto E. Reimer Company, seventh; William C. Card, eighth; and the Western National Bank, ninth. No valid appeal having been perfected as against the plaintiff and the three laborers, if we should now modify the judgment as between the parties who are now before the court, it would have the effect of permitting the Western National Bank, by its negligence in not perfecting its appeal, to permit the plaintiff, whose lien was filed on the 14th day of December, 1898, to have a preference over those whose liens were prior in point of time, and who are, under the statute and the judgment, entitled to preference over him; and if the Western National Bank should be placed at the head of the preferential list, as constituted after the plaintiff's judgment has been permitted to become absolute, it would operate to deprive the others of their rights. The fund available for the payment of claims is $13,565.11. The claim of the Western National Bank, with interest, amounts to $6,753.07; the judgment of the plaintiff is for $3,484.15; which, with the small preferred labor claims, brings the amount up to $10,436.40. This leaves $3,128.71 of the fund, while the liens which were concededly filed prior to those of the plaintiff, and for which judgment has been entered, aggregate $4,797.02; so that to give the Western National Bank the priority to which it would have been entitled upon this appeal, if it had been perfected as to the plaintiff and others, would be to deprive the defendants Dannatt & Pell, who are prior to the plaintiff, of substantially all of their claim, which would be fully paid under the lawful priority to which they are entitled. It will thus be seen that this court is in no position to modify the judgment in accordance with the law, as this would be to deprive parties of their rights under the statute, and it is equally clear that to reverse the judgment, under the circumstances, would accomplish practically the same result. It cannot be reversed as to the plaintiff and the defendants who were not served with notice of the appeal, and as a new trial could only result in depriving some of the defendants of their rights, after a costly litigation, this seems to be a proper place for the application of the rule that, where one of two innocent parties must suffer, the one who is responsible for the situation must bear the loss. Timpson v. Allen, 149 N. Y. 513, 520, 44 N. E. 171, and authorities there cited.

The defendant the Western National Bank evidently realizes the difficulty with its position, for it puts forward a supplemental brief, in which it seeks to modify the force of the stipulated fact that the plaintiff was not served with notice of the appeal. It is urged that all of the parties are before the court on the appeal of the city of New

York, and points out that the defendant the Western National Bank was only one day late in its effort to serve notice upon the plaintiff's attorney. We are of the opinion, however, that the fact that the city of New York perfected an appeal does not give jurisdiction to reverse the judgment as between the defendant the Western National Bank and the plaintiff and other defendants interested in the question of priority, and the rule is well settled that the time for taking an appeal cannot be enlarged when it is statutory. Coll. Bankr. (3d Ed.) 250, citing Wood v. Bailey, 21 Wall. 640, 22 L. Ed. 689; 2 Enc. Pl. & Prac. 240, and authorities cited in notes; Clapp v. Hawley, 97 N. Y. 610, 613. Section 1303 of the Code of Civil Procedure provides that "where the appellant, seasonably and in good faith, serves the notice of appeal, either upon the clerk or upon the adverse party, or his attorney, but omits, through mistake, inadvertence, or excusable neglect, to serve it upon the other, or to do any other act, necessary to perfect the appeal, or to stay the execution of the judgment or order appealed from; the court, in or to which the appeal is taken, upon proof, by affidavit, of the facts, may, in its discretion, permit the omission to be supplied, or an amendment to be made, upon such terms as justice requires"; but there is no authority for this unless the notice of appeal has been served upon one or the other of the necessary parties, the clerk of the court, or the adverse party. It is admitted that, in so far as the plaintiff and the three minor defendants are concerned, the notice had neither been served upon them nor upon the clerk of the court, so that the only effect of the order to serve upon the clerk of the court nunc pro tunc was to perfect the appeal as to the remaining parties who had been previously served with the notice. We find no case in which it is suggested that such an order gives jurisdiction of parties who have not been served within the time fixed by the statute. This is the doctrine of West v. Place, 80 Hun, 255, 30 N. Y. Supp. 14, and we find no authority to the contrary. As the plaintiff and other defendants were necessary parties to the adjustment of the controversy in accord with the principles of law, we reach the conclusion that, the defendant Western National Bank having failed to bring in all of the parties, it cannot prevail upon this appeal, though clearly entitled to the preference claimed if this could be accomplished without doing injustice to others whose rights were involved in the action and whose priorities would be defeated by either a modification or a reversal of the judgment. An affirmance of the judgment is therefore necessary to preserve the lawful rights of those who had liens prior to those of the plaintiff in this action.

The judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.