## WILLIAMS BROS. v. SAVAGE.

(Circuit Court of Appeals, Fourth Circuit. February 10, 1903.)

### No. 442.

1. BANKRUPTCY — DISCHARGE — APPEAL — TIME OF TAKING — SUFFICIENCY OF RECORD.

Bankr. Act 1898, § 25 [U. S. Comp. St. 1901, p. 3432], requires an appeal from a decree granting a discharge to be taken within 10 days. Circuit Court of Appeals Rule 14, subd. 3 (31 C. C. A. liv, 90 Fed. liv), provides that no case will be heard until a complete record, containing in itself all the papers, exhibits, depositions, and other proceedings which are necessary to the hearing in that court, has been filed. The record on an appeal from a bankrupt's discharge was certified to by the clerk as a true transcript of a part of the record, proceedings, and judgment, as ordered by appellant's counsel. The record showed the order of discharge dated July 15, 1901, and petition for an appeal, accompanied by an assignment of error, without anything to show when it was presented, or when the order granting its prayer was made or filed, or whether it was filed at all. There was a citation, dated January 25, 1902, returnable February 20, 1902, and extended by order to March 15, 1902. No appeal bond appeared to have been filed. It appeared in the discussion at bar that the discharge was granted upon oral testimony. *Held*, that the appeal must be dismissed, it not appearing that it had been filed in time in the District Court, nor that the transcript had been filed at the term next succeeding the taking of the appeal, nor that the court was in possession of the testimony, so as to enable it to review the case on its merits.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk.

James E. Heath, Jr., for appellant.
John A. Lamb, for appellee.

120 F.—32

Before GOFF and SIMONTON, Circuit Judges, and McDOW-ELL, District Judge.

SIMONTON, Circuit Judge. This case comes up on appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk. At the call of the case the appellee moved to dismiss the appeal on the following grounds, viz.:

"(1) Because the appeal was not taken within ten days after the decree was entered granting the discharge, as required by section 25 of the bankrupt act [U. S. Comp. St. 1901, p. 3432]. From this record it appears that the discharge was granted on the 15th day of July, 1901. The citation is dated 25th January, 1902, and was renewed 20th of February, 1902, and was finally made returnable on the 15th day of March, 1902. (2) Whilst the discharge was granted on the 15th day of July, 1901, the record was not filed with the clerk of this court until the 15th day of March, 1902. Thus two terms of this court were allowed to pass without prosecuting the appeal. (3) The record does not show that the appeal bond required by the district judge has been given. (4) Because it does not appear from the record that appellant has any claim against the estate of the bankrupt; it being his duty, if he have a provable claim, to prove it in manner and form prescribed by the bankrupt act. (5) Because the record is so incomplete, indefinite, and uncertain that this court cannot pass upon it."

The record, on its face, shows that it is not complete, the clerk certifying that it is a true transcript of the part of the record and proceedings and judgment of the said court in this cause as ordered by counsel for the appellant. Rule 14, subd. 3, of the original rules of the Circuit Court of Appeals (31 C. C. A. liv, 90 Fed. liv), of force in this circuit, provides: "No case will be heard until a complete record, containing in itself, and not by reference, all the papers, exhibits, depositions, and other proceedings, which are necessary to the hearing in this court, have been filed." In Union Pacific Company v. Stewart, 95 U. S. 284, 24 L. Ed. 431, it is made the duty of appellant to see that the record is properly presented to the appellate court. Examining the record in this case, made up, as the clerk certifies, under the instructions of appellant's counsel, we cannot find any answer to the objections made by the appellee. It is impossible to tell from this record whether any of the steps to perfect the appeal were taken in proper time; nor, indeed, when they were taken. There is no evidence whatever, from the record, when any of these papers were filed. The record shows that the order of discharge of the bankrupt which the appellant seeks to reverse was dated the 15th day of July, 1901. Then in the record appears a petition for an appeal accompanied by an assignment of errors. There is nothing to show when it was presented, nor when the order granting its prayer was granted or filed, nor whether they were filed at all. Then we find a citation dated 25th of January, 1902, returnable to the 20th day of February, 1902, extended by order to the 15th day of March, 1902. All of these last dates were more than six months from the date of the final discharge. When the transcript is not filed at the term next succeeding the taking of the appeal, the appeal will be dismissed. Mesa v. U. S., 2 Black, 721, 17 L. Ed. 350. There is nothing in the record which can inform the court when this appeal was taken. There were explanations made by appellant's counsel at the

bar relating to this matter. But these verbal statements are not part of the record, and cannot be treated as of the record. It is true that the citation was issued by the district judge on the 25th of January, 1902, and that we may presume that he did his duty, and so that a bond was filed. But on the 25th day of January, 1902, the time for taking an appeal had passed. This fact alone would not cut off the right of an appeal, if the petition for leave to appeal and its allowance were duly filed. Evans v. The State Bank, 134 U. S. 333, 10 Sup. Ct. 493, 33 L. Ed. 917. Of this we know nothing from the record. "An appeal," say the court in Credit Company v. Arkansas Central Railway Co., 128 U. S. 261, 9 Sup. Ct. 108, 32 L. Ed. 448, "cannot be said to be taken, any more than a writ of error can be said to be brought, until it is in some way presented to the court which made the decree appealed from, thereby putting an end to its jurisdiction over the cause, and making it its duty to send it to the appellate court. This is done by filing the papers with the petition and allowance of the appeal, if there be such a petition and allowance, and the appeal bond and citation." In Brandies v. Cochrane, 105 U. S. 262, 26 L. Ed. 989, in the absence of a petition and allowance, the filing of the appeal bond, duly approved by a justice of the Supreme Court, was held sufficient evidence of the allowance of the appeal, and was a compliance with the law requiring the appeal to be filed in the clerk's office. We cannot tell from this record whether such bond was filed, or when it was filed, and, if filed, whether it was in the time in which an appeal must be perfected. In Credit Co. v. Arkansas Central Railway Co., supra, it is held that no writ of error is brought, in the legal meaning of the term, until it is filed in the court which entered judgment, and the same rule is declared applicable to appeals. The bankrupt law requires an appeal from an order like this to be taken within 10 days. So this appeal cannot be said to have been brought in the legal meaning of the term, unless it was filed in the court which rendered the judgment, and we have no evidence whatever that the appeal was filed in the clerk's office within that time. See Wood v. Bailey, 21 Wall. 640, 22 L. Ed. 689.

It appeared in the discussion at the bar that the district judge granted the discharge of the bankrupt upon testimony taken before him ore tenus. No mention whatever of this testimony appears in the record. His conclusion on this point is a matter which the appellant seeks to review. We could not come to any satisfactory decision unless we were acquainted with all the facts upon which his conclusion was based. So, even if we pass by this motion to dismiss, and if we hear the case on its merits, we could not decide it.

We desire to emphasize to the bar the necessity for sending to this court complete and proper records. The whole case on appeal must come up, and the entire record must be printed, unless the parties on both sides consent to omit matter deemed unnecessary. Clerks of courts must see to it that they place in the record not only the contents of papers, but the dates showing when such papers were filed. When the counsel for appellant, whose duty it is to see that the record is complete, permits the clerk to send up a transcript in the im-

perfect and unsatisfactory condition in which the record in question is presented, they may rest assured that this court will direct the dismissal of their appeal. In this connection we call attention to the case of Pender v. Alexander Brown et al. (decided at this term) 120 Fed. 496.

It is ordered that this appeal be dismissed.