LOWENHAUPT v. STANISICS et al.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. WILLS—CONSTRUCTION—UNLAWFUL ACCUMULATION.

A testamentary provision that the net income of the estate shall be accumulated by the executors, and used to pay off mortgages on the real estate, is invalid.

2. SAME—STATUTORY AUTHORITY.

Such a provision is not authorized by Real Property Law, § 76, subd. 2 (Laws 1896, p. 571, c. 547), authorizing a trust to lease real property, as well as sell or mortgage it, for the benefit of annuitants or other legatees.

Appeal from Special Term, Kings County.

Action by Matilda H. Lowenhaupt, individually and as executrix and trustee of the will of Henry Johnson, deceased, against Charles G. Stanisics and others, for the construction of the will. From a judgment holding a portion of the will invalid, Charles G. Stanisics and others, defendants, appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Frank E. Loughran, for appellants.
Alfred G. Reeves, for respondent.

WILLARD BARTLETT, J. This is an action to construe the will of Henry Johnson, who died on April 18, 1891, leaving him surviving, his widow, Martha Jane Johnson, and the plaintiff, his only

¶ 1. See Perpetuities, vol. 39, Cent. Dig. § 72.

child. The plaintiff's husband, Henry Lowenhaupt, and the eight children of the marriage, all of whom are infants, were defendants in the action, but are not parties to this appeal. The appellants are nephews and nieces of the testator.

The will gave the income of all the testator's property to his widow for life, and after her death, by the sixth paragraph, $50 a month to the plaintiff, and a larger sum in the event of her becoming a widow. After giving this direction, the sixth paragraph reads as follows:

"And out of the balance of the income, interest, rents, issues and profits of my said estate, I direct my executors to pay all taxes, assessments, water rents, interest on mortgages upon my real estate, and all insurance premiums and necessary repairs upon the buildings, and to accumulate what then remains of such interest, income, rents, issues and profits of my estate, and with the same from time to time to pay off all mortgages upon my real estate, as soon as all mortgages and incumbrances upon my real estate have been fully paid off and discharged, I direct my executors to pay over to my said daughter, Matilda H. Lowenhaupt, all the net interest, income, rents, issues and profits of my said estate after the payment of all taxes, assessments, water rents, insurance premiums, necessary repairs upon the buildings and other necessary expenses, for and during the term of her natural life."

The will appointed the testator's wife sole executrix, and designated that the testator's daughter, the present plaintiff, and his nephew Charles G. Stanisics, one of the defendants and appellants, should succeed her as executors upon her death. The widow has died, and the daughter and nephew have succeeded her. The learned court below held that the provision for the accumulation of rents in that portion of the sixth paragraph of the will which has been quoted was invalid, but upheld the remaining provisions of the will, and decreed that the plaintiff's husband and children were presumptively entitled to the next eventual estate.

It will be observed that the effect of this Special Term judgment is favorable to the husband and children of the plaintiff, who are not parties to the appeal. They are adjudged to be now entitled to the income, which cannot be accumulated under that provision of the will which has been declared to be invalid. These infant defendants duly appeared by a guardian ad litem, answered, and participated in the trial; and yet, without any notice to them of the present appeal, this court is asked to reverse a judgment in their favor. I doubt whether we can do this under the circumstances. See West v. Place, 80 Hun, 255, 30 N. Y. Supp. 14. But I suppose there can be no question of our power to affirm the judgment, if we conclude that it is right.

It seems to me quite clear that the will in question was correctly construed by the court below. The accumulation provided for by the sixth paragraph was of the same character as that considered by the Court of Appeals and condemned in Hascall v. King, 162 N. Y. 134, 56 N. E. 515, 76 Am. St. Rep. 302, and it would be superfluous to repeat here the clear and convincing arguments of Chief Judge Parker in the prevailing opinion in that case. That opinion disposes of every argument addressed to us here in behalf of the appellants, including the contention that the provision in the sixth paragraph can be sustained under subdivision 2 of section 76 of the real property

law (Laws 1896, p. 571, c. 547), authorizing a trust to lease real property, as well as sell or mortgage the same, for the benefit of annuitants or other legatees. Under the authority of Hascall v. King, supra, I do not see how the learned judge at Special Term could have reached any other conclusion, and I think the judgment should be affirmed.

Judgment affirmed, with costs. All concur.