Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 The defendant in error, on the 8th of October, 1858, obtained a judgment against the plaintiffs in error in the District Court of the United States for. the western district of Virginia.
 

 
 *200
 
 Oil the 18th. of the same month, this writ of error was sued out, and .made returnable on the second Monday in January-then next ensuing — in other words, it was made returnable on the second Monday in January, in the present term of this eourt; and the defendant in error was cited to appear here on that day. ' ’
 

 A motion has been made to dismiss the case, upon the ’ ground that, in order to bring the judgment of the District Court before this court, the writ of error must be returnable on the' first day of the term, and that a writ of error with a different return day is not authorized by-law, nor by the rules and practice of this court.
 

 By the act of Congress of May 8, 1792, (1 Stat., 278,) it was made the duty of the clerk of this court to transmit to the clerks of tbe several- Circuit Courts of the United States the form of- a writ of error, to be approved by two of the judges' of this court; and the clerks of the Circuit Courts weré by that act'authorized to issue writs of error agreeably to such form, as nearly as the case would admit. And it is by virtúe of this act alone that the clerk of a Circuit Court, or of a District .Court exercising the jurisdiction of a Circuit Court, is authorized to issue a writ of error to remove a case, to this court.
 

 Immediately after its passage,' the form of a writ of error was adopted and transmitted to. the clerks of tbe Circuit Courts, pursuant to its provisions; and that form made it returnable on the first day of the term of this court next ensuing the issuing pf the writ — that is, on the day appointed by law for ' the meeting of the court. ,The form then adopted has never been changed, nor ate we aware of any case in which a writ of error with a different return day has been sanctioned by this court.
 

 Tt. is unnecessary, therefore, to inquire what may be the rules 6f practice in this particular in other"courts.. The legal return day was fixed under the authority of the act of 1792; and a .writ of error issued by the clerk of a Circuit Court, or of a District Court exercising the powers of a Circuit Court, with a different return day, or. differing in any other material respect from the form transmitted, is without authority of law, and will not bring up,the case to this court.
 

 
 *201
 
 The rules of the court have been framed in conformity with this return day of the writ; and the rule which permits a defendant in error to docket and dismiss a case if the transcript is not filed by the plaintiff within the time therein limited, necessarily presupposes that the writ is returnable on the first day, and that the plaintiff might then file the transcript.
 

 He may, it is true, return the writ with the transcript at any time during the term, unless thé ’éase has been docketed and dismissed, when it cannot afterwards be filed .without the • special order of the. court. But this permission to return the writ; and file the transcript'at a subsequent day, is upon the principle that, for certain purposes of 'convenience or justice, the term is. considered as but one period of time — as one day, and that day the first of the term. The writ, before us was obviously issued ;by some -oversight of the clerk, who followed the form used when this court met on "the second Monday in January, without, it would seem, adverting to the circumstance that the day of meeting had been changed by law, and that the first' Monday in December, and not the second Monday, in January,- was the first day'ofithie term.
 

 ■ Neither can the. writ of error be amended. The defendant in error was eited-and admonished to appear On the second Monday in January; and if the .writ were amended, it could not be maintained with this citation, for the defendant must be cited to appear oh the same day that the writ is returnable. The citation is the regular and familiar process from a court of justice, notifying and requiring the defendant to appear and make his-defence, if he has any,'on the return day 'of the writ. And the common-law process, of a writ of error made returnableon.one day, and a summons to. the defendant to appear at ■another, would be without precedent, and would be as objectionable as the én tire .absence of a citation.' And the want of piqof that the defendant was cited has always been held to be a fatal defect in the process prescribed and required by the act' of 1789, whereby a party is authorized to bring the judgment of an inferior court before this court for revision — a defect which can be cured only by the voluntary appearance of the party entered on the record.
 

 
 *202
 
 Nor can this mistake be corrected by a citation from this court. The act of Congress requires it to be issued by the judge or justice who allows the writ of error, and it cannot be legally issued by any other judge or court.
 

 The case must therefore be dismissed for want of jurisdiction in this court.