## GRIGSBY *v.* PURCELL.

1. An appeal will be dismissed, where, at the term to which it was returnable, the transcript was, by reason of the laches of the appellant, not filed, or the cause docketed in this court.
2. The appellee at any time before the hearing may take advantage of the objection, or the court upon its own motion may dismiss the appeal.

MOTION to dismiss an appeal from the Circuit Court of the United States for the District of Kentucky.

The facts are stated in the opinion of the court.

*Mr. Linden Kent* in support of the motion.

*Mr. George Hoadly* and *Mr. John W. Stevenson, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a suit to enforce the provisions of a trust-deed executed by J. Warren Grigsby to secure " all the debts of the house of Taylor, Shelby, & Co., created since the fourteenth day of July, 1857," for which he was liable. The bill was filed by part of the creditors for themselves and such others as should come in and prove their claims. In the progress of the cause a reference was had to a master, who in due time made his report. At the hearing before the master, the appellant, Susan P. Grigsby, the wife of J. Warren Grigsby, appeared as a creditor and proved her claim. To the report of the master she excepted; and upon the hearing the court decreed in her favor to the amount of $21,753.05, and directed the payment of that amount to her from the fund in court. The remainder of her claim was rejected. This decree was rendered at the February Term, 1875, of the Circuit Court, and on the fifteenth day of the month of February. On the 23d of the same month, and during the term, an entry was made in the cause granting an appeal prayed by J. Warren Grigsby and Susan P. Grigsby; but it does not appear that any bond for costs or for a *supersedeas* was ever executed.

On the 19th of April, 1875, Mrs. Grigsby receipted to the receiver in the cause for the amount of the decree in her favor, and on the 6th of May, still during the February Term, an

appeal prayed by W. H. Thomas was granted, but, so far as appears, no bond executed.

The October Term, 1875, of this court closed by adjournment on the 8th of May, 1876. Neither of these appeals were docketed during that term, and the transcript of the record was not filed in court. So far as appears, no attempt was made to do so, and no excuse has been given for the delay; but on the 12th of August, 1876, before the commencement of the next term, the transcript was filed by Mr. and Mrs. Grigsby, and their appeal docketed. That of Thomas was not docketed until during the present term. Nothing further was done in the case by either party until Dec. 14, 1878, when the appellees moved to dismiss the appeal of Grigsby and wife because it was a joint appeal, the appellants not being united but opposed in interest. Printed briefs for and against this motion were filed by the respective parties, and on the 23d of December the motion was overruled. The attention of the court was not called to the delay in filing the transcript and docketing the appeals until Jan. 19, 1879, when the causes were reached in their regular order on the docket. The counsel for the appellees then suggested the delay, and moved to dismiss on that account.

Sect. 997 of the Revised Statutes, which is a substantial re-enactment of a similar provision in sect. 22 of the Judiciary Act of 1789 (1 Stat. 84), requires that "there shall be annexed to and returned with any writ of error for the removal of a cause, at the day and place therein mentioned, an authenticated transcript of the record, an assignment of errors, and a prayer for reversal, with a citation to the adverse party." Appeals are subject to the same rules, regulations, and restrictions as are prescribed by law in cases of writs of error. Rev. Stat., sect. 1012; 2 Stat. 244.

Under this legislation it has long been held that if the transcript was not filed and the cause docketed during the term to which it was made returnable, or some sufficient excuse given for the delay, the writ of error or appeal became inoperative, and the cause might, on that account, be dismissed. *Hamilton* v. *Moore*, 3 Dall. 371; *Blair* v. *Miller*, 4 Dall. 21; *Steamer Virginia* v. *West et al.*, 19 How. 182; *Castro* v. *United States*, 3 Wall. 47; *Same* v. *Gomez*, id. 752; *Mesa* v. *United States*,

2 Black, 721; *Mussina* v. *Cavazos*, 6 Wall. 355; *Edmonson* v. *Bloomshire*, 7 id. 306.

After the cases of *Hamilton* v. *Moore* and *Blair* v. *Miller*, an attempt seems to have been made in *Wood* v. *Lide* (4 Cranch, 180) to adopt a less stringent rule, but the uniform current of decisions since is all the other way; and in *Edmonson* v. *Bloomshire* we considered the practice so well established as to make it better " to resort to the legislature for its correction, than that the court should depart from its settled course of action for a quarter of a century." There are, however, exceptions to the rule, as in *United States* v. *Gomez* (*supra*), where there was fraud, and in *United States* v. *Booth* (21 How. 506), where the State court to which the writ was directed ordered the clerk to disregard the writ and make no return; but in all such cases it must appear that the appellant or the plaintiff in error has not himself been guilty of laches or want of diligence.

These appellants bring themselves within none of the exceptions which have ever been recognized. There has been no fraud or circumvention, and the whole difficulty arises from their own negligence alone. It does not appear that the clerk was called upon to make the transcript until after the term of this court to which the appeal was returnable had closed. No security for costs ever was given, and in fact nothing was done towards the prosecution of the appeal until it had become inoperative by lapse of time, except to obtain an order of the court for its allowance. To entertain the cause under such circumstances would be to encourage an addition to the already burdensome delay necessarily attendant upon litigation in this court on account of the crowded state of the docket. Instead of this, we should, as we do, insist on promptness and activity by all who come here to obtain a re-examination of judgments and decrees against them.

It by no means follows, as seems to be supposed by counsel who resist this motion, that if parties appear and without objection go to a hearing in a cause docketed after the return term, our judgment will be void for want of jurisdiction. The real objection is not that this court has no jurisdiction, but that the plaintiff in error, or the appellant, as the case may be, has failed to duly prosecute his suit; and this objection may be

taken advantage of by the court upon its own motion, or by the appellee or the defendant in error at any time before hearing. Mere appearance does not amount to a waiver. In this case the objection was taken in time.

*Appeal dismissed.*

NOTE.—In *Thomas* v. *Purcell* the appeal was dismissed, for the reasons stated in the foregoing opinion.