### Admiralty—Appeal—Practice.

WINSLOW v. WILCOX; WILCOX v. WINSLOW. Appeal and cross-appeal from the circuit court of the United States for the northern district of Ohio. The question presented by the appeal in this case is whether the circuit court erred in taking jurisdiction of the appeal from the district court. The decision of the supreme court of the United States was rendered on April 3, 1882. Mr. Chief Justice *Waite* delivered the opinion, affirming the decree and dismissing the cross-appeal.

The rule of the district court requiring an appeal to be in writing and filed with the clerk could be dispensed with by that court; and if the district court allows an appeal without the writing, the appellee cannot object to the jurisdiction of the circuit court on that account. When, afterwards, the bond is given and accepted the appeal is perfected, and from that time the jurisdiction of the circuit court attaches; and a provision in the rule of the district court that the clerk shall prepare and deliver to the circuit court the appeal and record in 20 days, cannot prevent the circuit court from entertaining the cause, if, for any reason, this is not done. Cross-appeals must be prosecuted like any other appeals. Every appellant, to entitle himself to be heard on his own appeal, must appear here as an actor on his own behalf, by appearance of counsel and giving the security required by the rules, otherwise he will not be heard on such appeal; citing Grigsby v. Purcell, 99 U. S. 505.

H. A. Terrell and A. G. Riddle, for appellants.

L. Prentiss and Jacob D. Cox, for cross-appellants.

### Admiralty—Practice.

NICKERSON v. MERCHANTS' STEAM-SHIP COMPANY. Appeal from the circuit court of the United States for the district of Maryland. This case was decided in the supreme court of the United States on March 27, 1882. Mr. Chief Justice *Waite* delivered the opinion, affirming the motion to dismiss the case.

Where the only question presented arises on the findings of fact, and from these it appears that the collision was due solely to an unjustifiable change of course of the schooner when the vessels were in close proximity, which baffled the steamer in her efforts to pass in safety, the steamer is not liable for the consequences.

John H. Thomas and George L. Thomas, for appellee.