## HEWITT *v.* FILBERT & Another.

### APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Submitted December 7, 1885.—Decided December 21, 1885.

Except in cases of appeals allowed in open court during the term at which the decree appealed from was rendered, a citation returnable at the same term with the appeal or writ of error is necessary to perfect the jurisdiction of this court over the appeal or the writ, unless it sufficiently appears that citation has been waived.

This court has no jurisdiction to issue citation in an appeal docketed here after the term to which the appeal was returnable.

This was a motion to dismiss an appeal. The facts which make the case are stated in the opinion of the court.

*Mr. C. C. Cole* and *Mr. William F. Mattingly* for the motion.

*Mr. S. S. Henkle* opposing.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a motion to dismiss an appeal for want of a citation. The facts are these: A decree was entered by the Supreme Court of the District of Columbia on the 21st of November, 1882, dismissing the bill in a suit between Robert C. Hewitt, complainant, and Lewis S. Filbert and others, defendants. On the same day an appeal was allowed in open court, but that appeal was never docketed in this court by the appellant. It was, however, docketed by the appellee, and dismissed under Rule 9, on the 15th of October, 1883, but the mandate was not

sent down until March 25, 1885. In the meantime, on the 26th of June, 1884, Hewitt appeared in the Supreme Court of the District, at general term, and, on his *ex parte* application, an order was entered allowing him a second appeal upon his giving security in the sum of five hundred dollars. After the close of the term at which this order was made, and on the 18th of August, a bond was approved by one of the justices and filed in the office of the clerk of that court. The case was docketed in this court on the 20th of August, 1884, but no citation has ever been issued or served.

Except in cases of appeals allowed in open court during the term at which the decree appealed from was rendered, a citation returnable at the same term with the appeal or writ of error, is necessary to perfect our jurisdiction of the appeal or the writ, unless it has been in some proper form waived. *The San Pedro*, 2 Wheat. 132, 142; *Yeaton* v. *Lenox*, 7 Pet. 220; *Villabolos* v. *United States*, 6 How. 90; *United States* v. *Curry*, 6 How. 106, 111; *Castro* v. *United States*, 3 Wall. 46, 50; *Alviso* v. *United States*, 5 Wall. 824.

In *Dayton* v. *Lash*, 94 U. S. 112, it was held that, if a citation was actually issued but not served, before the first day of the term to which it was returnable, leave might be granted to make the service during that term. In this way the language of the court in *Villabolos* v. *United States*, and *United States* v. *Curry*, which seemed to require service as well as issue of the citation before the return day of the appeal or writ of error was to some extent qualified, but the authority of those cases as to the necessity of an actual issue of the citation and service before the end of the return term was in no way impaired. On the contrary, it was fully recognized. So in *Railroad Co.* v. *Blair*, 100 U. S. 661, where an appeal was allowed in open court at a term subsequent to that in which the decree appealed from was rendered, but when the solicitors of the appellee were present and had actual notice of what was done, leave was granted to issue a citation and have it served during the return term of the appeal.

Appeals allowed by the court in session, and acting judicially at the term when the decree was rendered, have always been

given a different effect from appeals allowed after the term or writs of error. Thus, in *Reily* v. *Lamar*, 2 Cranch, 344, 349, decided in 1805, only two years after the act allowing appeals in cases of equity and admiralty and maritime jurisdiction was passed, 2 Stat. 244, ch. 40, § 2, it was stated by Chief Justice Marshall "to be the opinion of the court that, the appeal having been prayed pending the court below, a citation was not necessary; and, therefore, the case was properly before the court" without a citation.

It has since been decided that if the appeal is allowed in open court at the term, but the appeal bond is not accepted until after the term, a citation will be necessary to bring in the parties. *Sage* v. *Railroad Co.*, 96 U. S. 712, 715. But if an appeal allowed in such a way is docketed in this court at the return term, our jurisdiction of the appeal becomes perfect, and what remains to be done to get in the parties is matter of procedure only, and not jurisdictional, so far as the bringing of the appeal is concerned. *Dodge* v. *Knowles*, 114 U. S. 430, 438. As was said in that case: "The judicial allowance of an appeal in open court, at the term in which the decree has been rendered, is sufficient notice of the taking of an appeal. Security is only for the due prosecution of the appeal. The citation, if security is taken out of court or after the term, is only necessary to show that the appeal which was allowed in term has not been abandoned, by the failure to furnish the security before the adjournment. It is not jurisdictional. Its only purpose is notice. If by accident it has been omitted, a motion to dismiss an appeal, allowed in open court and at the proper term, will never be granted until an opportunity to give the requisite notice has been furnished, and this, whether the motion was made after the expiration of two years from the rendition of the decree, or before." The reason of this is, that the allowance by the court in session before the end of the term at which the decree was rendered, and when both parties are either actually or constructively present, is in the nature of an adjudication of appeal which, if docketed here in time, gives this court jurisdiction of the subject-matter of the appeal, with power to make all such orders, consistent with the practice of

courts of equity, as may be appropriate and necessary for the furtherance of justice. In legal effect, the judicial allowance of an appeal in this way transfers the cause to this court, if the appellant dockets the appeal here at the proper time. If not docketed, the appeal which has been allowed becomes inoperative for want of due prosecution. *Grisgby* v. *Purcell*, 99 U. S. 505, 506, and cases there cited.

But a citation is one of the necessary elements of an appeal taken after the term, and if it is not issued and served before the end of the term to which it must be made returnable, the appeal becomes inoperative. The rule is thus stated in *Castro* v. *United States*, which was a case of an appeal taken after the term, and in which a citation was necessary: " The writ of error, or the allowance of appeal, together with a copy of the record and the citation, when a citation is required, must be returned to the next term of this court after the writ is sued out or the appeal allowed; otherwise the writ of error, or the appeal, as the case may be, will become void, and the party desiring to invoke the appellate jurisdiction will be obliged to resort to a new writ of error or a new appeal." There is nothing in any of the cases to the contrary of this. As, without a citation or its waiver, we cannot take jurisdiction of this appeal, and it is conceded that none has been issued or served, and there is no sufficient evidence of a waiver,

*The motion to dismiss is granted.*