WEST et al. v. IRWIN et al.

(Circuit Court of Appeals, Seventh Circuit.   February 18, 1893.)

No. 87.

1. APPEAL—JURISDICTION—CITATION.
Where an appeal is allowed after expiration of the term at which the decree appealed from is rendered, a failure to have a citation issued, returnable at the same term as the appeal, causes the appellate court to lose jurisdiction.

2. SAME—PRACTICE—ENLARGING TIME TO FILE RECORD.
Under rule 16 of the circuit court of appeals for the seventh circuit, (47 Fed. Rep. viii.,) providing that the judge who signed a citation on appeal, or any judge of the circuit court of appeals, may enlarge the time for filing the record, such an order made by a district judge who is not a member of the circuit court of appeals, and who did not sign the citation, is void.

3. SAME.
An order extending the time for filing the record on appeal, made after the time has expired, is ineffective.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

In Equity.   Suit by John N. Irwin and others against James J. West and others to foreclose a mortgage.   Complainants obtained a decree.   50 Fed. Rep. 362.   Defendants appeal.   Appeal dismissed.

William Brown, for appellants.
William Burry, for appellees.

Before WOODS, Circuit Judge, and BUNN, District Judge.

PER CURIAM.   We are asked to dismiss this appeal because the requisite citation was not issued and served, because the record was not filed in this court in due time, and because the parties against whom the decree was entered did not all join in the appeal. The decree was for a foreclosure of a mortgage on real estate, and was entered January 25, 1892, by Judge Blodgett, before whom, except as otherwise stated, the steps designed to effect an appeal were taken.   Those steps were taken at a subsequent term of the court, and were as follows:   On July 22, 1892, an appeal was prayed and granted, and an order made, giving until September 24th to file the record in this court.   On the 23d of July, an appeal bond, not intended to operate as a supersedeas, was approved and filed.   On the 21st of September the time for filing the record was extended by Judge Gresham to the 24th of October; and on October 10th a citation issued, signed by Judge Gresham, and made returnable the 7th of November, and on October 13th was served.   On the 24th of October the time for filing the record was extended by Judge Blodgett to November 14th, and on November 12th was again extended by Judge Gresham to November 24th, and on November 23d the record was filed.

The last clause of the eleventh section of the act creating the circuit courts of appeal makes the practice in respect to appeals and

writs of error in the supreme court applicable to appeals to this court, (1 C. C. A. ix.;) and under that practice it is settled that "except in cases of appeals allowed in open court, during the term at which the decree appealed from was rendered, a citation returnable at the same term with the appeal or writ of error is necessary to perfect our jurisdiction of the appeal or the writ, unless it has been in some proper form waived." Hewitt v. Filbert, 116 U. S. 142, 6 Sup. Ct. Rep. 319, and cases cited. And, an appeal having become void for want of a citation, a subsequent citation is without avail, because there is no subsisting appeal. Castro v. U. S., 3 Wall. 43. Rules 35 and 36 of the supreme court do not change the practice in this particular. By the fifth clause of the fourteenth rule of this court, (47 Fed. Rep. vii.,) appeals, writs of error, and citations must be made returnable within 30 days from the signing of the citation. The present term of this court commenced on the 3d of October last; and whether the question be determined by the rule of this court, or by that applicable to the supreme court, the citation in question was not taken out in time, and the appeal prayed and granted became void.

It is insisted upon the authority of Insurance Co. v. Mordecai, 21 How. 195, that only the judge who allowed the appeal could sign the citation, but we need not consider that question.

In respect to the filing of the record, rule 16 of this court (47 Fed. Rep. viii.) provides that the judge who signed the citation, or any judge of this court, may enlarge the time, etc., and as Judge Blodgett did not sign the citation, and was not a member of this court when he made the order of October 24th, that order, it would seem, was a nullity; and consequently the subsequent order of November 12th, made by Judge Gresham, was ineffective, because not made until after the expiration of the time theretofore allowed for filing the record; and, that being so, the filing on the 23d of November was unauthorized.

In respect to parties, reference is made to Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. Rep. 39; Estis v. Trabue, 128 U. S. 225, 9 Sup. Ct. Rep. 58; Masterson v. Herndon, 10 Wall. 416; Feibelman v. Packard, 108 U. S. 14, 1 Sup. Ct. Rep. 138; Hedges v. Oil-Cup Co., 50 Fed. Rep. 643, 1 C. C. A. 594,—but that question need not be considered. The appeal should be dismissed, at the cost of the appellants, and it is so ordered.