PENDER v. BROWN et al.

(Circuit Court of Appeals, Fourth Circuit. February 3, 1903.)

No. 453.

1. JURISDICTION OF CIRCUIT COURT OF APPEALS—WRIT OF ERROR—FAILURE TO PROSECUTE.

A Circuit Court of Appeals does not acquire jurisdiction of a cause by writ of error unless such writ, together with the record, is returned to the next ensuing term of the court to which it is made returnable, or sufficient cause is then shown why it is not so returned.

In Error to the Circuit Court of the United States for the Eastern District of Virginia.

On motion to dismiss writ of error.

Alan G. Burrow and Harry K. Walcott, for plaintiff in error.
William H. White and T. S. Garnett, for defendants in error.

Before GOFF, Circuit Judge, and PURNELL and BOYD, District Judges.

GOFF, Circuit Judge. This writ of error is to a judgment rendered by the Circuit Court of the United States for the Eastern District of Virginia in an action of assumpsit brought by the plaintiff in error against the defendants in error. The case was tried to a jury, which, under the direction of the court, returned a verdict in favor of the defendants below. On such verdict judgment was duly entered, and to the same this writ of error was sued out. The judgment was rendered on the 21st day of March, 1901, and the writ of error was allowed on the 17th day of September of that year. On the 1st day of May, 1902, the transcript of the record was filed in this court. On the 9th day of October, 1902, the defendants in error filed a motion to dismiss this writ of error, and it is the matters relating to that motion which have been argued and submitted for our consideration.

The first term of this court next ensuing after the writ of error was allowed commenced on the first Tuesday in November, 1901. That was the term of this court to which said writ of error was returnable. Since that term, and previous to the filing of the record in this court, another regular term, commencing on the first Tuesday of February, 1902, was duly convened, held, and adjourned. We have no jurisdiction of this writ of error unless it has been brought before us by virtue of the provisions of some act of Congress, or of the rules made in accordance therewith. This writ of error, together with a copy of the record of the case to which it related, should have been returned to the next term of this court held after it was issued, or some sufficient cause should then have been given for not having so proceeded; otherwise it became void, and the party suing it out, if he then still desired to invoke the appellate jurisdic-

¶ 1. Jurisdiction of Circuit Court of Appeals, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.

tion of this court, could only have done so by resorting to a new writ of error. The plaintiff in error failed to duly prosecute his writ, and for that reason it became of no avail. Castro v. United States, 3 Wall. 46, 18 L. Ed. 163; Grigsby v. Purcell, 99 U. S. 505, 25 L. Ed. 354; Credit Company v. Arkansas Central Ry. Co., 128 U. S. 258, 9 Sup. Ct. 107, 32 L. Ed. 448; Caillot v. Deetken, 113 U. S. 215, 5 Sup. Ct. 432, 28 L. Ed. 983; Evans v. State Bank, 134 U. S. 330, 10 Sup. Ct. 493, 33 L. Ed. 917. It appears that a citation was issued under date of February 21, 1902, but that was subsequent to the adjournment of the second regular term of this court held after the granting of the writ of error, and consequently such citation was inoperative. A citation is one of the necessary elements of a writ of error taken, as this was, subsequent to the term during which the judgment was rendered; but if it be not issued and served before the end of the next ensuing term of the appellate court, it, as well as the writ of error, becomes ineffective. Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159, 37 L. Ed. 1127; Hewitt v. Filbert, 116 U. S. 142, 6 Sup. Ct. 319, 29 L. Ed. 581. We conclude that this court has not acquired jurisdiction of the writ of error referred to, and therefore the motion to strike the same from our docket is granted.

Dismissed.