CHAMBERLAIN TRANSPORTATION CO. v. SOUTH PIER COAL CO.

(Circuit Court of Appeals, Seventh Circuit. October 13, 1903.)

No. 1,028.

1. APPEAL—ALLOWANCE—INFORMALITY OF ORDER.

A formal order allowing an appeal is not essential, but it is sufficient if the record shows that an appeal was prayed, and was in fact allowed. An order granting leave to file a petition for appeal, and an assignment of errors, and a subsequent approval of the appeal bond, reciting the allowance of an appeal, is sufficient to show that the appeal was allowed when the petition therefor was filed.

2. SAME—TITLE FOR PERFECTING—EXTENSION.

Rule 14, subd. 5 (90 Fed. clviii, 31 C. C. A. clviii), of the rules of the Circuit Court of Appeals, providing that all appeals are returnable not exceeding 30 days from the date on which the appeal was allowed, and rule 16, subd. 1 (90 Fed. clix, 31 C. C. A. clix), making it the duty of the appellant to cause the record to be filed on or before the return day, must be observed; otherwise the appeal will be dismissed unless the time is enlarged before its expiration. An order enlarging the time for perfecting the appeal, made after such time has expired, is ineffectual.

Appeal from the District Court of the United States for the Northern District of Illinois.

On Motion to Dismiss Appeal.

Edward Morgan, for appellant.
Ray G. McDonald, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

PER CURIAM. A decree in admiralty was rendered by the court below against the appellant on the 29th day of April, 1903. On July 7, 1903, the appellant presented to the court below its petition for an appeal, accompanied by an assignment of errors, and on that day an order was entered "that leave be, and it hereby is, given said Chamberlain Transportation Company to file its petition for an appeal and its assignment of errors herein." On July 21, 1903, the libelant presented his bond on appeal, which recites that it had "obtained an appeal and filed a copy thereof in the clerk's office of the said court to reverse the decree in the aforesaid suit," and a citation directed to the said South Pier Coal Company, "citing and admonishing it to be and appear at the United States Circuit Court of Appeals for the Seventh Circuit to be holden at Chicago on the 6th day of October, 1903." This bond was approved by the District Judge on July 21, 1903, and filed in the District Court on that day. No return having been made or filed in this court, the appellee on September 10, 1903, filed in this court the certificate of the clerk of the District Court to the effect that an appeal was prayed and allowed on the 7th day of July, 1903, and that no order had been entered by the District Court enlarging the time in which to docket the case and file the record in the Circuit Court of Appeals, with proof that no return had been filed, and the suit had not been docketed here, and that no order enlarging the time therefor had been filed with the clerk of this court, or made by any judge of the court, and thereupon moved to dismiss the appeal under rule 14, subd. 5 (90 Fed. clviii, 31 C. C. A. clviii), and rule 16, subd. 1 (90 Fed. clix, 31 C. C. A. clix), of this court.

The appellant, at the hearing of the motion, presents a citation signed by the District Judge on the 5th day of October, 1903, returnable on the next day, and also an order by the court, made on the 5th of October, enlarging the time within which to file the certificate of evidence and perfect the appeal to October 15, 1903, and, in opposition to the motion to dismiss, contends that no appeal has ever been allowed, and that the motion should therefore not prevail.

No formal order of allowance of an appeal is necessary. Sage v. Railroad Company, 96 U. S. 712, 24 L. Ed. 641; Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121. It is sufficient if the action of the court below shows that an appeal was prayed, and was in fact allowed. The formal order granting leave to file the petition for appeal with the accompanying assignment of errors was in effect an allowance of the appeal. That order was so construed by the court and its clerk, and by the party appellant. The bond presented by the appellant on the 21st of July, 1903, recites that an appeal had been

obtained, and that it had filed the allowance in the clerk's office, and recites the issuance of a citation. That bond was approved on that day by the District Judge and filed in the District Court. That is of itself sufficient to indicate the allowance of the appeal. Brandies v. Cochrane, 105 U. S. 262, 26 L. Ed. 989; Credit Company, Limited, v. Arkansas Central Railway Company, 128 U. S. 258, 261, 9 Sup. Ct. 107, 32 L. Ed. 448; Harkrader v. Wadley, 172 U. S. 148, 163, 19 Sup. Ct. 119, 43 L. Ed. 399; Norton v. Commissioners of the Taxing District of Brownsville, 129 U. S. 505, 9 Sup. Ct. 331, 32 L. Ed. 784; Loveless v. Ransom, 109 Fed. 391, 48 C. C. A. 434.

The rule (rule 14, subd. 5 [90 Fed. clviii, 31 C. C. A. clviii]) provides that all appeals are returnable not exceeding 30 days from the date upon which the appeal is allowed; and by rule 16, subd. 1 [90 Fed. clix, 31 C. C. A. clix], it was the duty of the appellant to cause the record to be filed on or before the return day, to wit, August 6, 1903. This time may be enlarged "by or before its expiration." The order of the District Judge enlarging that time after its expiration, and after the filing of the motion to dismiss, we must hold to be ineffectual. We have the less regret in dismissing this appeal, since the time within which an appeal may be taken and perfected has not expired, and by a new appeal the cause may be brought here for review, if it be deemed desirable. Evans v. State Bank, 134 U. S. 330, 10 Sup. Ct. 493, 33 L. Ed. 917. The bar should understand that the rules of law and of the court with respect to the taking and perfecting of appeals are rules to be obeyed, not to be disregarded.

The appeal is dismissed.