### NAZIMA TRADING CO. et al. v. MARTIN et al.

(Circuit Court of Appeals, Ninth Circuit. October 29, 1908.)

No. 1,635.

BANKRUPTCY (§ 444*)—APPEALS—TIME FOR PERFECTING.

An appeal in bankruptcy will be dismissed where citation was not issued nor the assignment of errors filed until after a term of the Circuit Court of Appeals had intervened, and the transcript was not filed until after a second term had passed, and no showing was made in excuse of the delay.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 920; Dec. Dig. § 444.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C C. A. 9.]

Appeal from the District Court of the United States for the Third Division of the Territory of Alaska.

Kerr & McCord, Sam B. Berry, and Nathan H. Frank, for appellants.

R. F. Lewis and Richard C. Harrison, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. On March 16, 1907, the appellants, the Nazima Trading Company and Herman Meyer, as creditors of the Chititu Development Company, bankrupt, filed in the court below their objections to the confirmation of a sale of the bankrupt's property which had been made on November 12, 1906, and their motion to set the sale aside. On the same day the court overruled the objections

and the motion, and made and entered an order confirming the sale. On May 1, 1907, the said appellants so named, together with Jacob Sutter, a creditor of the bankrupt, filed in the court below their petition to set aside the said sale so made and confirmed. On August 6, 1907, the petition was denied. On August 9, 1907, the appellants presented to the court below their petition for an appeal, both from the order confirming the sale and the order denying their petition, and on the same day the appeal was allowed. On February 25, 1908, the appellants filed their assignments of error and their bond on appeal, and caused citation to issue, which was served on March 4, 1908. On July 27, 1908, no transcript having been filed in this court, one of the appellees moved on that ground to dismiss the appeal. On August 18, 1908, and before the motion to dismiss could be heard, the appellants filed their transcript in this court and docketed the cause. Thereafter two of the appellees moved to dismiss the appeal on the ground, among other grounds, that the transcript had not been filed or the cause docketed within the time allowed by the rules of this court.

We think the motion should be allowed. No order was obtained extending the time to file the transcript in this court. It was not filed until nearly five months after the return day. Intervening the return day and the filing of the transcript was the May term of this court, at which the appeal should have been heard. No showing whatever has been made of accident or mistake, and no excuse of any kind is offered for the delay. It is within the sound discretion of the court, it is true, to relieve parties who have not complied with the rules; but that discretion should not be exercised in a case where there has been long delay and there is utter absence of excuse or extenuation. Grigsby v. Purcell, 99 U. S. 505, 25 L. Ed. 354. Especially should this be held where, as here, the case involves the settlement of an estate in bankruptcy affecting the interests of numerous parties.

There is in the record the further ground of dismissal that, although the appeal was allowed on August 9, 1907, citation was not issued and the assignment of errors was not filed until February 25, 1908, and that in the meantime the October term of this court was held and adjourned. In Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159, 37 L. Ed. 1127, and in Pender v. Brown et al., 120 Fed. 496, 56 C. C. A. 646, it was held that by the intervention of a term of the appellate court between the allowance of an appeal and the issuance of the citation, if citation is not waived, the appeal becomes inoperative.

The appeal is dismissed.