### SHEA et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 12, 1915.)

1. COURTS ☞405—APPELLATE PROCEDURE—CITATION—RETURN—EXTENSION OF TIME.

Though Circuit Court of Appeals rules for the Sixth Circuit, rule 18, subd. 2 (202 Fed. xii, 118 C. C. A. xiv), authorizing the judge to sign the citation on writ of error, or any judge of the Circuit Court of Appeals to enlarge the time for return of citation at or before the expiration of such time, does not authorize such judges to extend the time after the return day, the court itself may grant such extension at any time during the term to which the citation was made returnable.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101, 1103; Dec. Dig. ☞405.]

2. COURTS ☞405—CITATION—RETURN—EXTENSION OF TIME.

Where plaintiffs in error secured an extension of time within which to present their bill of exceptions, but neglected to have the return day for the citation extended, and some of the assignments of error were proper, and the time for taking out a writ of error had not yet expired, so that a new writ could be taken, the writ of error will not be dismissed, but the time for return of the citation will be extended.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101, 1103; Dec. Dig. ☞405.]

John J. Shea and others were convicted of a crime, and they bring error. On motion of the United States to docket and dismiss the case, and petition of plaintiffs in error for an order enlarging the time for return of citation. Motion denied, and petition for order granted.

Webster, Kirtley & Conolly, of Toledo, Ohio, for plaintiff in error. E. S. Wertz, of Cleveland, Ohio, U. S. Atty.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Plaintiffs in error were convicted in the District Court for the Northern District of Ohio, January 29, 1915, and sentences of fine and imprisonment imposed. On March 27, 1915, writ of error and citation were issued, returnable April 26, 1915. On April 24th, two days before the return day, the District Judge made an order extending the time for preparing and filing bill of exceptions until May 30th. No extension of time for return has ever been made, and return has not been filed in this court. After the return day was past, application made to the District Judge for an extension of time for

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

return of citation was refused, on the ground that he had no authority to make it. On May 14th the United States moved to docket and dismiss the case, and on the same day plaintiffs in error filed a petition for the docketing of the cause and for order enlarging the time for return of citation until May 30th.

[1] Subdivision 2 of our rule No. 18 (202 Fed. xii, 118 C. C. A. xiv) provides that for good cause shown the judge who signed the citation, or any judge of this court, may enlarge the time for return "at or before its expiration, the order of enlargement to be returned with the record and filed with the clerk of this court." Assuming that the District Judge had no authority to extend the time for return after it had once passed (Chamberlain Transp. Co. v. South Pier Coal Co. [C. C. A. 7] 126 Fed. 165, 61 C. C. A. 109), and that a judge of this court is equally without such power, it is nevertheless clear that the court itself to which the writ is returnable has the power to extend the time for return at any time during the term to which the writ is made returnable. Evans v. State Bank, 134 U. S. 330, 331, 10 Sup. Ct. 493, 33 L. Ed. 917; Green v. Elbert, 137 U. S. 615, 11 Sup. Ct. 188, 34 L. Ed. 792; Gould v. United States (C. C. A. 8) 205 Fed. 883, 126 C. C. A. 1; Pender v. Brown (C. C. A. 4) 120 Fed. 496, 56 C. C. A. 646. The term to which the writ was made returnable has not yet passed.

[2] Having jurisdiction to extend the time for return, we should exercise it; for it is clear that the failure to procure an extension of time before the return day was an oversight, and while some of the assignments of error are imperfect, all are not so, and, moreover, this court has jurisdiction to allow necessary amendments. Additional reason for extending the return day is found in the fact that the time for taking out writ of error has not yet expired, and, whether or not the first writ was dismissed, a second writ could be taken. Evans v. State Bank, supra; Chamberlain Transp. Co. v. South Pier Coal Co., supra; Gould v. United States, supra.

The application to docket and dismiss is denied, and the time for returning writ of error and citation and for docketing the cause in this court is extended until June 30, 1915.