### MORAN v. PECK.

(Circuit Court of Appeals, Sixth Circuit.  December 4, 1923.)

No. 3999.

1. **Courts** ⬲405(14)—**Circuit Court of Appeals has power to make retroactive extension for filing return to appeal.**

Where the time for filing a return to an appeal has expired without valid extension, but the return is actually filed or tendered for filing shortly thereafter, the Circuit Court of Appeals has power to make a retroactive extension of time for filing the return, and will do so unless there is reason to the contrary.

2. **Courts** ⬲405(14)—**Where District Court clerk inadvertently failed to send return for filing within time allowed, delay held excusable.**

Where appellant, following the established practice, permitted the clerk to assume responsibility for printing the record and procuring any necessary extensions of time for the return, and the clerk inadvertently failed to sign and send up a copy of the record within the time allowed for the return, a short delay was excusable.

3. **Courts** ⬲405(14)—**Jurisdiction to allow extension and entertain appeal not lost by expiration of term.**

The Circuit Court of Appeals is not deprived of jurisdiction to allow the return to be filed a few days after the expiration of the time therefor, and to entertain the appeal, because the term to which the appeal was returnable has expired.

Appeal from the District Court of the United States for the Northern District of Ohio.

Action between H. P. Moran and T. W. Peck. From the judgment, the former appeals. On motion to dismiss. Motion denied.

Slabaugh, Young, Seiberling, Huber & Guinther, of Akron, Ohio, for appellant.

Waters, Andress, Southworth, Wise & Maxon, of Akron, Ohio, for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM.  [1] The time for the return to the appeal, as fixed by the rules and by extensions, expired September 29, 1923. The October, 1922, term of this court ended by final adjournment on October 1, 1923. The return to the appeal was filed in this court October 3d. When the time for the return has expired without valid extension, but the return is actually filed or tendered for filing shortly thereafter, this court has the power to make a retroactive extension (Shea v. U. S. [C. C. A. 6] 224 Fed. 426, 140 C. C. A. 120), and it is our practice to do so, upon the suggestion of our clerk, unless there is reason to the contrary.

⬲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] The facts here show no serious laches or neglect by appellant. It is the established practice in the northern district of Ohio, from which this appeal comes, for the appellants to furnish to the District Court clerk the necessary specifications as to the desired record, and pay or secure him for the expense involved. Thereupon he prepares the proper copy for the printer and assumes the responsibility of supervising the printing and procuring any extension of time for the return that may be necessary to get the printing done. Appellant followed this practice, and can well be excused for the very short default which occurred. A copy of the printed record, with a blank ready for the clerk's signature to make it the return, was delivered by the printer to the clerk of the District Court on September 19th. The failure to send it up was by inadvertence in the clerk's office. We should unhesitatingly authorize the necessary extension, approve the filing, and deny this motion, except for the suggestion that our jurisdiction has expired by the ending of the term to which the appeal was returnable.

[3] By the old practice of the Supreme Court, all writs of error and appeals were returnable to the first day of the next term. Insurance Co. v. Mordecai, 21 How. (62 U. S.) 195, 200, 16 L. Ed. 94. It became the settled rule that the appellant had the entire of that term in which to file the return, unless in the meantime appellee had moved to docket and dismiss, but that, at the expiration of that term, viz. the first term which began after the appeal was taken, the time for filing the return was gone, and appeals filed after that time must be dismissed. This result was expressly put upon the ground that the court had lost jurisdiction by the lapse of the term, and had no power to entertain the appeal. Edmonson v. Bloomshire, 7 Wall. (74 U. S.) 306, 310, 19 L. Ed. 91; Caillot v. Deetken, 113 U. S. 215, 216, 5 Sup. Ct. 432, 28 L. Ed. 983. However, in Grigsby v. Purcell, 99 U. S. 505, 507, 25 L. Ed. 354, it was said that the dismissals were not for lack of jurisdiction, but because such delay showed laches which would not be excused unless in extraordinary circumstances.

January 26, 1891, the rules of the Supreme Court were changed so as to require a return within 30 days from taking the appeal, and it was provided that this time limit might be extended by the judge who signed the citation, or by a justice of the Supreme Court. 137 U. S. 710, 711. This change seems to have necessarily upset the theory upon which the existing practice had been based. That theory was that the whole term was a unit, and when it expired the time for return was gone. Extensions were not contemplated. The time provided was seemingly more than could ever be required, and the expiration of this time was, at least presumptively, inexcusable laches. Under the new practice, the term, as a recognized element of the situation, disappears. The time initially permitted for the return is short and frequently insufficient. The rules provide for very informal extension. By the application of the old and strict view of jurisdiction, it would result that, if the time had expired on the 1st day of October and this record had been tendered for filing on the 2d, the appeal would have been hopelessly lost. We do not think such strict-

294 F.—6

ness of practice is contemplated by these rules. We find no Supreme Court case considering the situation which has existed since the rules were changed in 1891. That the jurisdiction of the Circuit Court of Appeals continued until a complete term had both begun and ended after the appeal was taken, has been assumed in the Fourth circuit (Pender v. Brown, 120 Fed. 496, 56 C. C. A. 646), and in the Ninth (Nazima v. Martin, 164 Fed. 838, 90 C. C. A. 600).

If the theory were to be invoked that as a general rule all courts lose jurisdiction of pending matters with the expiration of the current term, unless there is some reservation, it might be replied that this matter was not pending in this court during the October, 1922, term. True, the appeal had been perfected, but the jurisdiction of this court never had been set in motion with reference to this case. We conclude that we have jurisdiction to entertain this appeal, regardless of the expiration of our former term, and hence this motion to dismiss is denied, and the necessary extension of time to file the return will be ordered.

. Without discussion of the facts, we think the appeal was taken within the statutory period, and on that ground also the motion is overruled.