### GANGLER et al. v. RICE.

Circuit Court of Appeals, Sixth Circuit.
June 15, 1929.

No. 5453.

Collier & Collier, of Memphis, Tenn., for appellants.

Klewer, Gailor & Exby, of Memphis, Tenn., for appellee.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

PER CURIAM. Without regard to their form, we treat the motion papers as an application for leave to proceed in this court in forma pauperis without paying the docket fee required by rule 18 and without printing records or briefs.

The decree below confirmed the master's report, and dismissed the bill, because the fraud alleged had not been established. An appeal was taken and citation issued, returnable not later than August 25, 1927. No extension of the time for return to the appeal was made until March 20, 1928, when the District Court granted an extension, within which, and in May, 1928, the transcript was filed with the clerk of this court. No docket fee was paid as required by rule 18, nor was any application made to this court for leave to proceed herein in forma pauperis—all for the period of nearly a year, and until the present application was filed.

The extension of time made by the District Court after the time had expired was inoperative; but this court has power in its discretion to extend the time under such circumstances so as to authorize the filing of the return. Shea v. U. S. (C. C. A. 6) 224 F. 426.

The October, 1926, term of this court, to which the appeal was returnable, and the October, 1927, term have expired. It has been thought that in such case the Circuit Court of Appeals has no power to allow the filing of a belated return. Pender v. Brown (C. C. A. 4) 120 F. 496; Nazima Co. v. Martin (C. C. A. 9) 164 F. 838. However, in Moran v. Peck, 294 F. 80, we point out that, since the change in the Supreme Court rules, the refusal to permit a belated filing should rest upon laches and not lack of jurisdiction; and we adhere to that view. We observe that the case of Jacobs v. George, 150 U. S. 415, 14 S. Ct. 159, 37 L. Ed. 1127, although decided in 1893, arose in 1890, before the adoption of the 1891 rules, and hence does not control the situation found in Moran v. Peck.

The question involved being one of laches, and thus appealing to our discretion, and the application to proceed in forma pauperis likewise so appealing, we have examined the record, and find an entire lack of any such convincing evidence of fraud as, under the familiar rule, would justify us in overruling the fact findings of the master, confirmed by the court.

The order will be that the appeal be docketed and dismissed. The clerk's fees therefor will be paid by appellee.