## McKEE v. GREAT LAKES PIPE LINE CO.
### No. 10275.

Circuit Court of Appeals, Eighth Circuit.
Sept. 23, 1935.

R. H. Musser, of Plattsburg, Mo., and Pross T. Cross & Son, of Lathrop, Mo., for appellant.

Charles M. Blackmar, of Kansas City, Mo. (Samuel D. Newkirk, Ralph M. Jones, and Meservey, Michaels, Blackmar, Newkirk & Eager, all of Kansas City, Mo., on the brief), for appellee.

Before STONE and FARIS, Circuit Judges, and RAGON, District Judge.

FARIS, Circuit Judge.

This is an appeal by plaintiff as appellant to determine the questions whether the sum or amount in controversy and the mode of removal were sufficient to confer jurisdiction on, and remove the case from a state circuit court, wherein it was begun, to the District Court of the United States for the Western District of Missouri. Reference will be made to the parties as they stood below; namely, as plaintiff and defendant.

On October 10, 1930, defendant (a corporation under the laws of the state of Delaware, engaged in transporting oils by means of a pipe line from the state of Oklahoma to Minnesota and other states, through the states of Kansas, Missouri, Iowa, and other states), in consideration of the sum of $173, and other considerations, obtained, by private agreement with plaintiff, the right of way over certain parcels of land owned by him. This right of way was some 87.5 rods long and 30 feet wide, across and over plaintiff's lands. A single pipe line was thereafter laid down across plaintiff's lands on said right of way, and such line long has been, is now, and was, when this suit was begun, in use and operation by defendant thereover.

At and prior to June 14, 1934, defendant, pursuant to the terms of the above-mentioned right of way agreement, was proceeding to lay a second pipe line on the right of way so obtained from plaintiff over his lands, and in doing so had, in the course of construction, reached the lands of plaintiff. Disputes arose touching whether defendant had complied in all things with the agreements in the right of way conveyance as to damages and as to the amount of compensation which defendant should pay plaintiff for the privilege of laying the second pipe line on the right of way.

Thereupon, and on June 14, 1934, plaintiff began an action in the circuit court of Clinton county, Mo., to declare the right of way contract null and void and to rescind it, and to restrain the defendant from operating and using the same, and to prevent the entry on said right of way by defendant in order to construct the second pipe line.

On the same day, in the absence from the county of the state circuit judge, plaintiff went before the county court of Clinton county and obtained a temporary injunction against defendant, enjoining it and its

agents, employees, and all others connected with it from entering on his said lands and on said right of way. The county court fixed the injunction bond at the sum of $200 only, which plaintiff and his surety executed and filed.

Thereafter, and on June 14, 1934, defendant filed its petition for removal, and bond in the sum of $500, in the office of the clerk of the circuit court of Clinton county, and gave notice to counsel for plaintiff of its intention so to do. On the next day, June 15, 1934, defendant's counsel appeared before the judge of the Fifth judicial circuit and ex-officio state circuit judge for Clinton county, in chambers and in vacation, and requested an order of removal of this case to the federal court. The state circuit judge declined to make the order then, but advised counsel for defendant that, if notice were given to counsel for plaintiff, he would take the matter up the following week, and thereupon defendant filed a certified copy or transcript of the record in the St. Joseph Division of the District Court of the United States for the Western District of Missouri, wherein plaintiff, appearing specially for that purpose, filed its motion to remand. This motion being overruled, plaintiff declined to plead further, and a decree was entered in favor of defendant on its cross-bill, enjoining plaintiff from interfering with defendant in the construction of its additional pipe line on its right of way over and across the lands of plaintiff.

The bill of plaintiff does not allege the value in dispute. In effect, it merely designates the property in dispute as a strip of land 30 feet wide and 87.5 rods long and over and across plaintiff's land which it describes. It avers, in fair effect, that defendant has constructed and is operating a single line of pipe on such right of way.

In the petition of defendant for removal it alleged the value of its daily tolls as being over $3,000 per day; the damages which would accrue from restraining defendant from the construction of a second line as being in excess of $3,000 per day, and also invoked the provisions of the Interstate Commerce Act, and the Constitution of the United States, though darkly and lacking definiteness. In its answer and counterclaim, filed in the federal court, it reiterates these allegations of damages, and the interstate nature of its transportation, but no longer invokes the Federal Constitution.

The appeal in the case was taken on December 21, 1934, and on the same day a citation was served on defendant requiring it to appear in this court 40 days thereafter. This 40 days expired on January 30, 1935. The transcript was not filed nor was the case docketed on or before the date last mentioned, and it was not till the 15th day of February, 1935, that an order was entered in the court nisi enlarging the time to file the transcript herein. This transcript was thereafter filed and the case docketed on March 1, 1935.

In this situation defendant, now here appellee, moves to dismiss this appeal on account of appellant's failure to comply with rule 16 of this court, now rule 26 (effective October 1, 1935), which reads so far as is pertinent as follows: "It shall be the duty of the appellant to docket the case and file the record thereof with the clerk of this court by or before the return day, whether in vacation or in term time. But, for good cause shown, the justice or judge who signed the citation or allowed the appeal, or any judge of this court, may enlarge the time by or before its expiration." Cf. Rule 26, effective October 1, 1935.

Obviously, this motion on undisputed facts presents a bald situation of noncompliance with the above rule. The rule quoted makes it the absolute duty of an appellant "to docket the case and file the record thereof with the Clerk of this Court, by or before the return day, whether in vacation or in term time."

True it is that the 40-day limit provided by the above rule may for good cause shown be enlarged or extended beyond the 40-day limit. But only on condition that the order of extension shall be made "by or before the expiration" of such 40-day limit, or some former extension thereof. Whether this court shall all too zealously examine into the quantity and quality of the good cause necessary to be shown before such an order is warranted under the rule quoted is not before us; because no such order was obtained till February 15, 1935, and sixteen days after the time to docket had expired. Much time of all courts is wasted in an effort to correct results of the failure of counsel to do what they ought to do when they ought to do it.

The plain question raised here by this motion to dismiss must either be passed sub silentio, or as Judge Sherwood, some time Chief Justice of the Supreme Court of Missouri, more graphically expressed the

notion, "passed with bated breath and averted eye," or the motion must be sustained. For it is too plain for argument to the contrary that there has been here no effort made to comply with our rule 16, and that to overrule the motion would be tantamount to an abrogation of the rule. Similar rules for the major part in the identical language we quote from rule 16, supra, are to be found in the rules of each of the Circuit Courts of Appeals. See Compiled Stats., annotated, section 1114, p. 1302 et seq.

In the case of West v. Irwin, 54 F. 419, 420, decided by the Circuit Court of Appeals for the Seventh Circuit, which had at the time of the decision a rule in the identical language, above quoted from rule 16, supra (see 47 F. page viii) it was said that: "Consequently the subsequent order of November 12th, made by Judge Gresham, was ineffective, because not made until after the expiration of the time theretofore allowed for filing the record; and, that being so, the filing on the 23d of November was unauthorized." And in the above case the appeal was dismissed. A similar ruling of dismissal, under a rule of court identical with our rule in language, was made in the Fifth Circuit in the case of Cowden v. Addis (C. C. A.) 55 F.(2d) 230. Likewise, in the case of United States v. Mosley (C. C. A.) 68 F. (2d) 372, ruled by the Fifth Circuit, it was said:

"It is at once apparent that our rules above referred to have been ignored as completely as if they did not exist. Citation should have been issued immediately upon allowing the appeal. In the absence of an order extending the time for filing, the transcript of record was returnable in this court thirty days thereafter. The district judge, upon application being made to him, could have enlarged the time for an additional sixty days. Any further extension could have been allowed only by a judge of this court, if applied for before the expiration of the time named in the district judge's order. The extension of time for filing the bill of exceptions does not take the place of or dispense with the requirement for filing the transcript of record on the return day or within such additional time as properly may be granted by the district judge or a judge of this court. No showing is made or attempted to excuse the failure to file the transcript on the return day or to procure an order of extension. On the contrary, without any semblance of authority for doing so the transcript of record was filed in this court five months after the appeal was taken and eight months after judgment was entered. Under these circumstances, appellee's motion to dismiss the appeal is granted. Accordingly, the appeal is dismissed."

It follows that the appeal herein of appellant should be dismissed, at the cost of appellant, which accordingly is ordered.