## GUTIERREZ v. LONGPRE et al.
### No. 3120.

Circuit Court of Appeals, First Circuit.
June 3, 1936.

Arthur O. Toro and R. H. Blondet, both of San Juan, Puerto Rico, for appellant.

Oscar B. Frazer, of New York City (Leopoldo Feliu, Wilson P. Colberg, Dubon & Ochoteco, and Salvador Suau, all of San Juan, Puerto Rico, on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

PER CURIAM.

After a hearing in this case the Supreme Court of Puerto Rico entered judgment for the defendants on March 16, 1933. On May 5, 1933, the Supreme Court allowed an appeal to this court from the judgment rendered against the appellant, and granted her 60 days to file in this court a transcript of record, which expired on July 4, 1933.

On July 5, 1933, upon appellant's motion, the Chief Justice of the Supreme Court made an order extending the time for filing the transcript of record in this court to September 2, 1933. (This period expired without any application for further extension and without any order of either the Supreme Court or this court granting such extension.) On July 6, the Supreme Court issued its citation to the plaintiff to appear at this court within 60 days, which was served on the day of issue.

On September 5, 1933, three days after the limit of the extension granted on July 5, the appellant moved for further extension of time for filing in this court the transcript of record, and an associate justice of the Supreme Court, acting as Chief Justice, on that day extended the time to October 2, 1933. On September 30, 1933, the time for filing the transcript in this court was again extended by an associate justice of the Supreme Court, acting as Chief Justice, to December 1, 1933.

From this time until February 12, 1936, eleven more extensions of time for filing the transcript in this court were granted, varying in length from one month to two months, sometimes by the Chief Justice of the Supreme Court, and sometimes by an associate justice of that court "acting as Chief Justice." On several occasions an extension was granted after the time fixed for the previous extension had expired. On April 22, 1935, a motion for further extension of time was opposed by one of the appellees. On July 16, 1935, the plaintiff was granted an extension until September 16, which was granted on the understanding that the court would not acquiesce in any further extensions. However, an associate justice, acting as Chief Justice, granted "a final and definite extension" to expire November 16, 1935; yet, notwithstanding the stipulation, the time was again extended to December 15, and again extended to February 13, 1936.

On September 6, 1933, on October 23, 1934, on December 14, 1934, on February 18, 1935, and on September 19 and December 16, 1935, all after the expiration of time fixed for filing the transcript in this court, a justice of the Supreme Court allowed a further extension of time for filing the transcript.

For what appears to be a reasonable excuse for failure to file the transcript in this court on or before September 2, 1933, this court might within

its discretion have granted an extension after the expiration of the time on September 2; Gangler v. Rice (C.C.A.) 33 F.(2d) 119; Shea et al. v. United States (C.C.A.) 224 F. 426, 427; but no such petition was filed with this court, and the authority of a justice of the Supreme Court of Puerto Rico to extend the time after the 60-day limit so granted had expired on September 2 was exhausted.

Almost three years expired after the judgments appealed from were rendered and a citation issued, before the transcript was filed with the clerk of this court, and no application has ever been made to this court to enlarge the time for the granting of further extensions, and on several occasions a justice of the Supreme Court granted final and definite extensions, but each time proceeded to ignore the limit definitely fixed. No sufficient excuse for the delay in completing and filing the transcript appears in the record, and we think there could be none.

The defendants move to dismiss the appeal on the ground that a justice of the Supreme Court had no authority to grant further extensions of time after the period previously granted had once expired. We think a justice of the Supreme Court was in such case without any authority to grant further extensions. Several terms of the Supreme Court and of this court had also expired during this period. West et al. v. Irwin et al. (C.C.A.) 54 F. 419; Chamberlain Transportation Co. v. South Pier Coal Co. (C.C.A.) 126 F. 165; Shea et al. v. United States, supra.

Rule 16 of this court, while it contains no provisions that an application for an extension must be made before the period provided by the rules for completing the appeal, or before the last period of extension, has expired, we think it follows as of course that an extension of time must be made before a period for completing an appeal has expired. Rule 16, however, does provide that the extension of time can only be made by the justice or judge who signed the citation of appeal, or a judge of this court. An examination of the record discloses that Chief Justice del Toro signed the citation, while the extension on September 6, 1933, was signed by Justice Davila, as "acting Chief Justice," as was also the extension of September 30, 1933. Other extensions were also authorized by an associate justice of the Supreme Court acting as Chief Justice. This clearly, we think, does not comply with rule 16. It is not the official, but "the justice or judge who signed the citation," or a judge of this court who is authorized to grant the extension. West et al. v. Irwin et al., supra; Gangler v. Rice, supra; Nazima Trading Co. v. Martin (C.C.A.) 164 F. 838; Grigsby v. Purcell, 99 U.S. 505, 25 L.Ed. 354; Chamberlain Transportation Co. v. South Pier Coal Co., supra; Shea et al. v. United States, supra; McKee v. Great Lakes Pipe Line Co. (C.C.A.) 79 F.(2d) 384; Moran v. Peck (C.C.A.) 294 F. 80.

The defendants also in their reasons for dismissing the appeal set forth that the transcript filed in this court contains only one of the three judgments appealed from, while the case purports to be a consolidated appeal from the three judgments, and the court is asked to reverse two judgments which are not in the transcript and of which it has no knowledge. As filed, the record clearly violates rule 14 of this court in these particulars. Defendants' counsel also point out other defects in the transcript as filed.

The motion to dismiss the appeal is granted.