**DESPIAU v. UNITED STATES CASUALTY CO.**

No. 3144.

Circuit Court of Appeals, First Circuit.

Jan. 5, 1937.

James R. Beverley, of San Juan, P. R., and Willard, Allen & Mulkern and Ralph H. Willard, all of Boston, Mass., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

PER CURIAM.

This case was tried in the District Court of the United States for the District of Puerto Rico. At the close of the evidence on June 29, 1934, the District Judge directed a verdict for the defendant.

On July 3, 1934, the District Court, on motion of the plaintiff for good cause shown, extended the time for filing a motion by the plaintiff to set aside the verdict and for a new trial to October 31, 1934. The time for filing such motion was further extended until December 31, 1934, when a motion by the plaintiff to set aside the verdict and for a new trial was filed, which was refused on January 30, 1935. Judgment was entered on the verdict on February 8, 1935, and on May 8, 1935, an appeal was allowed and citation issued.

On April 16, 1935, the time for filing a bill of exceptions and "statement of evidence" was extended and continued to May 31, 1935; on May 29, 1935, the time was again extended to June 30, 1935; on June 29, counsel for the plaintiff was allowed until August 31, 1935, to file record of appeal in the Circuit Court of Appeals for the First Circuit; on August 15 further time was granted by the judge of the District Court until August 31 to file bill of exceptions and "statement of evidence"; on August 29, 1935, the time for filing bill of exceptions and "statement of evidence" was for good cause shown extended to September 30, 1935, and the time for filing transcript of record with the clerk of the Circuit Court of Appeals was extended to October 31, 1935; on September 30, 1935, for good cause shown, time for filing bill of exceptions was extended to October 31, 1935, and for filing transcript of record with the clerk of the Circuit Court of Appeals was extended to November 30, 1935. This last extension was granted by a judge of the Supreme Court of Puerto Rico appointed by the President under section 41 of the Organic Act of 1917, known as the Jones Act (48 U.S.C.A. § 863), to act in the absence from the Island or disability of the United States District Judge.

From time to time thereafter, and before the expiration of the time granted for each extension, the time for filing the transcript was further extended until April 15, 1936, and on April 14, 1936, a copy of a printed transcript of record was filed in this court. It appears that the plaintiff had the record printed in New York. The clerk of this court on May 13, 1936, notified the plaintiff of the cost of the necessary printing to complete and correct the record; but the funds for printing the cover and index and making corrections in the copy were not deposited with the clerk of this court until November 13, 1936, which, of course, was not in time for the case to appear on the list of cases assigned for hearing at the October term, 1936, as provided by rule 23 of this court.

[1] The defendant has filed a motion that the case be dismissed on two grounds: (1) That the time for filing a bill of exceptions was never legally extended beyond October 31, 1935, and the time for filing a transcript of record in this court was never legally extended beyond November 30, 1935; since, contrary to rule 16 of this court, and the case of Gutierrez v. Longpre et al. (C.C.A.) 84 F.(2d) 43, the extension on September 30, 1935, was not made by the judge who signed the citation, but by a judge of the Supreme Court of Puerto Rico acting as United States District Judge; and (2) that rule 23 of this court requires that the case be dismissed at the next term if the printing deposit shall not be made within twenty days after notice by the clerk of the amount required.

But this case differs from that of Gutierrez v. Longpre et al., in that the judge of the Supreme Court of Puerto Rico who signed the order of extension on September 30, 1935, was appointed by the President of the United States under section 41 of the Organic Act of 1917 (48 U.S.C.A. § 863), which provides as follows:

"In case of vacancy or of the death, absence, or other legal disability on the part of the judge of the said District Court of the United States for Porto Rico, the President of the United States is authorized to designate one of the judges of the Supreme Court of Porto Rico to discharge the duties of judge of said court until such absence or disability shall be removed, and thereupon such judge so designated for said service shall be fully authorized and empowered to perform the duties of said office during such absence or disability of such regular judge, and to sign all necessary papers and records as the acting judge of said court without extra compensation."

Judge Hutchison was duly appointed, and qualified by taking the oath to perform the duties of the District Judge under this section. A rule of this court must yield to an act of Congress, and a judge of the Supreme Court of Puerto Rico who was appointed by the President under section 41 of the Organic Act, and has qualified, is fully authorized and empowered to perform all the duties of such regular judge of the United States District Court for Puerto Rico, and in his absence may sign all the necessary papers and records as the acting judge of said court. This court so held in American R. Co. of Porto Rico v. Lopez, 3 F.(2d) 876.

As to the second ground for dismissal, we think it is within the discretion of this court whether the case should be dismissed for laches in filing the fees for the additional printing. The defendant had a copy of the printed record in April, 1936, when the transcript was filed in this court, and the defendant was therefore not prejudiced nor has the plaintiff gained anything by her delay. We think this court may waive its rule requiring the deposit for printing and a complete printed record of the transcript to be filed in time for hearing at the next term following the notice by the clerk of the deposit required for printing. Matsumura v. Higgins (C. C.A.) 187 F. 601, 602; Moran v. Peck (C.C. A.) 294 F. 80; Shea et al. v. United States (C.C.A) 224 F. 426; Gangler et al. v. Rice (C.C.A.) 33 F.(2d) 119. A waiver of the rule in this respect is granted, but with the stipulation that the case shall be heard on the merits at the next session of this court in January, 1937, or be dismissed.

The motion of the defendant to dismiss the case is denied.