## LOGAN v. GOODWIN et al.

(Circuit Court of Appeals, Eighth Circuit. March 13, 1900.)

### No. 1,387.

1. APPEAL—SUPERSEDEAS.

By virtue of section 11 of the act creating the circuit courts of appeals (Supp. Rev. St. p. 905), Rev. St. § 1007, is made applicable to appeals to and writs of error issued by such courts, and, unless an appeal is perfected, or a writ of error sued out, and served within 60 days, Sundays excluded, after the rendition of the decree or judgment complained of, it is not within the power of a judge of the circuit court of appeals to allow a supersedeas.

2. GARNISHMENT IN ATTACHMENT SUIT—EFFECT OF JUDGMENT FOR ONE DEFENDANT.

The rendition of judgment in favor of one of several defendants in an attachment suit does not operate to terminate proceedings against a garnishee, who, by his answer, denied indebtedness to any except such defendant, where the plaintiff claims his indebtedness to other defendants,

against whom judgment was rendered, and has taken the proper steps to join issue upon the garnishee's answer.

3. APPEAL—REVIEW OF JUDGMENT DISCHARGING GARNISHEE—KANSAS STATUTE.

Gen. St. Kan. 1889, p. 1521, § 567, which provides that a writ of error to review an order discharging or modifying an attachment or a temporary injunction shall be filed within a time to be fixed by the court, not exceeding 30 days from the time such order was made, otherwise the order shall become operative, and be carried into effect, has reference only to interlocutory orders, and does not affect the time within which a writ of error may be filed to review a final judgment which has the effect of releasing a garnishee, which is governed by the general provisions for the review of judgments.

4. SAME—RULES GOVERNING IN FEDERAL COURTS—STATE STATUTES.

Section 11 of the act creating the circuit courts of appeals, which permits a writ of error to be sued out for the review of a judgment at law at any time within six months, and Rev. St. § 1007, authorizing the allowance of a supersedeas within 60 days, govern as to the time within which a writ of error must be issued or a supersedeas obtained in that court, regardless of the provisions of state statutes.

In Error to the Circuit Court of the United States for the District of Kansas.

W. C. Perry, for plaintiff in error.

Edwin A. Austin, for defendants in error.

Before THAYER, Circuit Judge, and ADAMS, District Judge.

PER CURIAM. In this case two motions have been filed; one to dismiss the writ of error, and the other to vacate the supersedeas heretofore obtained by the giving of a supersedeas bond. By the transcript of the record heretofore lodged in this court the following facts are disclosed: On April 23, 1897, F. G. Logan, the plaintiff in error, brought a suit by attachment against A. G. Goodwin and W. L. Chamberlain, and against I. Goodwin, the wife of A. G. Goodwin, and against Grace Chamberlain, the wife of W. L. Chamberlain. Process of garnishment was issued in said suit against D. W. Mulvane, requiring him to appear and answer whether he was indebted to or had in his possession or under his control any property, real or personal, belonging to the defendants in said suit. Thereafter the garnishee appeared, and answered, in substance, that he was in no manner indebted to any of the defendants, unless it was by reason of his having $2,000 in his possession at the time process of garnishment was served, which sum was obtained by him from the Bank of Topeka in payment of a certificate of deposit that was issued by said bank to the defendant I. Goodwin. On June 9, 1899, a final judgment was rendered in the attachment suit against the male defendants, to wit, A. G. Goodwin and W. L. Chamberlain, for the sum of $3,991.21, and in favor of the female defendants, that is to say, in favor of I. Goodwin and Grace Chamberlain, who were adjudged to go hence without day, and recover their costs from the plaintiff. Thereafter a controversy appears to have arisen concerning the question whether the plaintiff in the attachment suit had served a notice on Mulvane, the garnishee, that he had elected to take issue with him on his answer as respects his

indebtedness to A. G. Goodwin, one of the defendants in the attachment suit. The trial court seems to have decided that no such notice had been served on the garnishee, and that by reason of that fact the garnishee's answer must be taken as true. It therefore ordered that the answer of the garnishee stand as conclusive of the facts therein stated, that the garnishee pay over the money in his hands as disclosed by his answer to the said I. Goodwin, and that the plaintiff pay the costs of the garnishment proceedings. This order or judgment was entered of record on August 30, 1899. To reverse the last-mentioned order a writ of error was sued out on January 9, 1900, and in connection therewith a bond was executed by the plaintiff in error in the penal sum of $3,000, which was approved by one of the judges of this court, and ordered to operate as a supersedeas. The motion to vacate the supersedeas is doubtless well taken. In Kitchen v. Randolph, 93 U. S. 83, 28 L. Ed. 810, it was held by the supreme court (construing section 1007 of the Revised Statutes) that, unless an appeal is perfected, or a writ of error sued out and served, within 60 days, Sundays exclusive, after the rendition of the decree or judgment complained of, it is not within the power of a justice of the supreme court to allow a supersedeas. The same rule applies, we think, to appeals taken to and writs of error issued by the circuit courts of appeals by virtue of section 11 of the act creating those courts. Supp. Rev. St. p. 905. That section contains the following provision:

"All provisions of law now in force regulating the methods and system of review, through appeals or writs of error, shall regulate the methods and system of appeals and writs of error provided for in this act in respect of the circuit courts of appeals, including all provisions for bonds or other securities to be required and taken on such appeals and writs of error, and any judge of the circuit courts of appeals in respect of cases brought or to be brought to that court, shall have the same powers and duties as to the allowance of appeals or writs of error, and the condition of such allowance, as now by law belong to the justices or judges in respect of the existing courts of the United States respectively."

This provision of the act creating the circuit courts of appeals without doubt makes the provisions of section 1007 applicable to them as well as the supreme court. It follows, therefore, that the order directing that the bond taken on January 9, 1900, should operate as a supersedeas is ineffectual for that purpose.

The motion to dismiss the writ of error is based on two grounds: First. It is claimed that the rendition of a judgment in favor of I. Goodwin on June 9, 1899, operated to terminate the garnishment proceedings against the garnishee, Mulvane, as of that date; and that, because it had such effect, the writ of error should have been sued out within six months thereafter, to wit, on or before December 9, 1899. This position we regard as untenable. The garnishee was interrogated by the plaintiff in the attachment suit as to his indebtedness not only to I. Goodwin, but as respects his indebtedness to all of the defendants; and he denied that he was indebted to any of them except the wife of A. G. Goodwin. A judgment was recovered as against two of the defendants, and if it be true, as the plaintiff contends, that he served a notice on the garnishee of his inten-

tion to controvert the facts stated in his answer, then an issue remained to be tried as between the plaintiff and the garnishee after the issues in the attachment suit had been disposed of by the judgment rendered on June 9, 1899. If I. Goodwin had been the sole defendant in the attachment suit, or if the garnishee had been interrogated only as to his indebtedness to her, it may well be that the final judgment in her favor in the main case would have had the effect claimed for it. But it cannot be said to have had that operation when it appears that a judgment was recovered against two of the defendants, and the plaintiff insists that he has given the requisite notice, which, under the statutes of the state of Kansas, entitles him to challenge all of the facts alleged in the garnishee's answer. While the garnishment proceeding is incidental to the attachment suit, yet it is a separate proceeding, in which an independent judgment may be rendered either for or against the garnishee, which judgment may be reviewed by a writ of error sued out by either party thereto.

It is further claimed that, although a writ of error could be brought to review the order of August 30, 1899, yet that the present writ was brought too late, although it was sued out within the six months limited for prosecuting writs to this court. This contention is founded on section 567 (Gen. St. Kan. 1889, p. 1521), which, as it is claimed, has been adopted and made obligatory upon the federal courts in garnishment proceedings by section 933 of the Revised Statutes of the United States. The Kansas statute provides that:

"When an order discharging or modifying an attachment or a temporary injunction shall be made in any case and the party who obtained such attachment or injunction shall except to such order for the purpose of having the same reviewed in the supreme court upon petition in error, the court or judge granting such order shall upon application of the proper party fix the time, not exceeding thirty days from the discharge or modification of said attachment or injunction, within which such petition in error shall be filed. * * * If such petition in error shall not be filed within the time limited the order of discharge shall become operative and be carried into effect. * * *"

The statute in question has reference, we think, to interlocutory orders made during the progress of a case, which either discharge or modify an attachment or a temporary injunction. It has no reference, we think, to a final judgment entered in an attachment suit or in a garnishment proceeding, such as the order or judgment involved in the case at bar, which has the effect of releasing attached property or discharging a garnishee. In such cases an appeal may be taken, or a writ of error prosecuted, within the time ordinarily allowed to prosecute an appeal from a final judgment or decree. But, if this were not so, section 11 of the act creating the circuit courts of appeals (Supp. Rev. St. p. 905) permits a writ of error to be sued out to review a judgment at law at any time within 6 months after the entry of the judgment, and section 1007 of the Revised Statutes permits a party desiring to have a judgment reviewed to obtain a supersedeas by giving the requisite bond within 60 days, and these provisions of the federal statute cannot be regarded as overborne by the local law of the state prescribing a different period within which a writ of error must be brought to re-

101 F.—42

view a final judgment. If there is any conflict between the local statute and the federal statute, the latter must prevail. In this case, however, there is no such conflict, inasmuch as the local statute has reference, as we think, to interlocutory orders made during the progress of a case whereby an attachment is discharged, and not to a final judgment which has that effect. The motion to dismiss the writ of error is accordingly denied. But the motion to vacate the supersedeas is allowed, and an order will be entered to the effect that the bond heretofore given on January 9, 1900, shall from this time stand as an obligation for costs, and shall have no other force or effect.