GOULD v. UNITED STATES. WRIGHT v. SAME. WHITE v. SAME.

(Circuit Court of Appeals, Eighth Circuit. June 18, 1913.)

Nos. 3,924, 3,925, 3,926.

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 1106*)—APPEAL—WRIT OF ERROR.

   Where under rules 9 of Supreme Court (32 Sup. Ct. vii) and 14 of this court (188 Fed. x, 109 C. C. A. x) the transcript or return to the writ of error is filed in this court after the return day named in the writ, but before the expiration of the next term after the writ issues, the writ is in force unless before the filing of the transcript or return the defendant in error moves to dismiss the case.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2890–2892; Dec. Dig. § 1106.*]

2. CRIMINAL LAW (§ 1106*)—APPEAL—RIGHT TO SECOND WRIT.

   But, if the transcript or return is not filed during the next term after the writ is allowed, the writ expires, and the plaintiff in error may have a second writ within the time limited for an appeal.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2890–2892; Dec. Dig. § 1106.*]

3. CRIMINAL LAW (§ 1014*)—APPEAL—WRIT OF ERROR—PRACTICE.

   Where two writs have been issued within the time limited for an appeal, the appellate court may retain them both until the final decision of the case, and may transfer the files and records in one to the other for the purpose of the hearing and decision.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2571; Dec. Dig. § 1014.*]

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

John Gould and others were convicted of crime, and bring error, and the United States moves to dismiss a second set of writs of error, and to set aside a second set of orders. Denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George E. Tralles, of Denver, Colo. (Joel F. Vaile, Henry McAllister, Jr., and William N. Vaile, all of Denver, Colo., on the brief), for plaintiffs in error.

Fred A. Maynard, Special Asst. Atty. Gen. (Harry E. Kelly, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before SANBORN and CARLAND, Circuit Judges, and WILLARD, District Judge.

SANBORN, Circuit Judge. Two sets of writs of error and two sets of orders by the judge below that the writs should supersede the judgments in these cases appear in the record before us and the United States makes a motion to dismiss the second writ of error and to set aside the second set of orders.

On October 17, 1912, each of the defendants below, who were tried together, was adjudged to be imprisoned in the penitentiary 15 months and to pay a fine of $200. On the same day each defendant sued out a writ of error, gave security, and obtained a supersedeas of the judgment. These writs of error were returnable during the December, 1912, term of this court, which ended on May 3, 1913. On the latter day a transcript and a return to each of these writs was filed in this court. When these writs were issued, the bill of exceptions had not been prepared, and the assignments of error filed with the writs did not specify the alleged errors during the trial. On January 19, 1913, the bill of exceptions was filed in the court below, and thereupon each of the defendants filed another assignment of errors which specified the alleged errors at the trial, sued out a second writ of error, gave security, obtained an order that his second writ should operate as a supersedeas, and caused a return to his second writ, including a transcript of the record in which was embodied the bill of exceptions, to be filed in this court.

[1] Counsel for the government argue that this court is without jurisdiction of these cases because the defendants voluntarily abated the first writs by failing to file their transcripts and returns at or before the return day named in the writs, and that the second writs are void because the first writs were not dismissed or abated by an order of the court or motions by the plaintiffs in error before the second writs were issued. Rule 8 of the Supreme Court (32 Sup. Ct. vi) requires all writs of error and citations to be made returnable not exceeding 30 days from the day of signing the citation "whether the return day fall in vacation or in term time." Rule 14 of this court (188 Fed. x, 109 C. C. A. x) requires all writs of error and citations to be returnable not exceeding 60 days from the day of signing the citation "whether the return day fall in vacation or in term time." Rule 9 of the Supreme Court (32 Sup. Ct. vii) and Rule 16 (188 Fed. xi, 109 C. C. A. xi) of this court make it the duty of the plaintiff in error to docket his case and file the record with the clerk of the appellate court by or before the return day, and provide that, if he fail to do so, the defendant in error may have the case docketed and dismissed on a certificate of the clerk of the court below that the writ was sued out at the time it was tested. Where under these rules the transcript

or return is filed in the appellate court after the return day named in the writ, but before the expiration of the next term after the writ issued, the writ is in force unless before the filing of the transcript or return the defendant in error has moved to dismiss the case. "It has always been held," says the Supreme Court, "that, if the case is not so docketed and dismissed by the appellee, the appellant is in time if the record be filed during the return term." Evans v. Bank, 134 U. S. 330, 331, 10 Sup. Ct. 493, 494 (33 L. Ed. 917); Chow Loy v. United States, 112 Fed. 354, 357, 50 C. C. A. 279; Green v. Elbert, 137 U. S. 615, 621, 11 Sup. Ct. 188, 34 L. Ed. 792; Southern Pine Co. v. Ward, 208 U. S. 126, 137, 28 Sup. Ct. 239, 52 L. Ed. 420.

[2] But, if the record is not filed during the return term, the writ expires, and the plaintiff in error may have a second writ within the time limited for an appeal. Evans v. Bank, 134 U. S. 330, 331, 10 Sup. Ct. 493, 33 L. Ed. 917; Edmonson v. Bloomshire, 7 Wall. 306, 309, 19 L. Ed. 91: Aspen Mining Co. v. Billings, 150 U. S. 35, 14 Sup. Ct. 4, 37 L. Ed. 986; Small v. Northern Pacific R. R. Co., 134 U. S. 514, 515, 10 Sup. Ct. 614, 33 L. Ed. 1006; Pender v. Brown, 120 Fed. 496, 56 C. C. A. 646. The defendant in error made no motion to docket and dismiss the cases presented by the first writs of error before the transcript and return to them was filed on the last day of the next term of this court after their allowance. If, therefore, the first set of writs did not become ineffective by voluntary abandonment, they are still in force, and this court by virtue of them has jurisdiction of the cases. If, on the other hand, they became ineffective by such abandonment, the second set of writs was lawfully issued, and this court has jurisdiction under the latter writs. As this court has jurisdiction of the cases, the only question remaining under the motion to dismiss the writs is one of procedure, of method of hearing in this court.

[3] The allowance of a writ of error is the commencement of a new suit in the appellate court. Its allowance by the district judge is the act of the appellate court which he is empowered to do for it by act of Congress. When the defendants in error below sued out their first writs of error in October, 1912, the first term of this court at which their cases could be heard would commence in September, 1913. They were not required by the rules of this court to file their briefs before July 20, 1913. They had the right to prepare for and to have a review by this court of every ruling of the court below which they believed to be erroneous, and they had six months in which to sue out their writs of error. They sued out their first writs immediately, but did not specify in their assignments of errors the alleged errors during the trial because the bill of exceptions had not then been settled. That bill was prepared, settled, and filed, the errors during the trial were assigned, and the second writs of error were sued out within six months after the entry of the judgment and more than five months before the briefs of the plaintiffs in error will be due. The proceedings of the plaintiffs in error, therefore, have not delayed the progress of these cases, have not taken the defendant in error by surprise, have not failed to give it ample notice of the rulings which the plaintiffs

in error seek to review, nor have they, to our minds, exhibited any bad faith or mischievous purpose. This court has plenary power to permit amendments to assignments of errors, to permit the records before it in one case to be used and considered upon a hearing as the records in another case, and generally to direct the proceedings here so that all parties may have a full and fair reconsideration of the rulings in the court below of which they complain. Moreover, this court had the undoubted right to dismiss the first writs of error and to issue the next instant the second writs of error, and no sound reason occurs to us why it might not in the interest of justice and to make sure that the plaintiffs in error had a full opportunity to present their entire case, first issue within the six months limited for an appeal the second writs and subsequently dismiss the first writs, or permit them to stand until after the argument and decision on the merits of the questions presented. In Singer Sewing Machine Co. v. Benedict, the opinion on the merits in which is reported in 179 Fed. at page 628, 103 C. C. A. 186, an appeal was taken on September 22, 1909, the transcript was filed on September 23, 1909, and the case was argued and submitted to this court on January 18, 1910. On the same day a second appeal was allowed by the court below. Thereafter, on January 27, 1910, this court dismissed the first writ and ordered that the transcript of the record, the printed copies thereof, the briefs of counsel, and all proceedings under the first writ, including the costs, should be transferred to and be deemed and taken to be the proceedings under the second appeal, and it subsequently considered and decided the case on the record so made. The United States Circuit Courts of Appeals were established to provide, not to prevent, reviews of challenged rulings of the courts below. While the parties in these cases seem to have treated the first writs as though they were abandoned at the time that the second writs were issued, they were not dismissed by order of court, nor was any motion to dismiss them made by either party and before they expired by limitation the transcript and return to each of them was filed. In this state of the case the records in these cases fail to convince that the first writs have ever become ineffective. And to the end that there may be a full and fair review of all the challenged rulings of the court below let an order be made that the motion to dismiss the second writs is denied, that the assignments of error, the transcript of the record, and all proceedings heretofore taken under said writs be henceforth taken and deemed a part of the assignment of errors, the transcript of the record and the proceedings under the first writs and that these cases shall be heard upon all the assignments of errors and upon the transcripts of the records including the bill of exceptions returned under both sets of writs.

The argument in support of the motion to set aside the superseding orders made in January, 1913, when the second writs were issued, is that a supersedeas may not be allowed upon the issue of a second writ of error, and that it may not be allowed more than sixty days after the entry of the judgment. The authorities on the latter proposition do not seem to be uniform. Section 1007 Rev. St. (U. S. Comp. St. 1901, p. 714); Rule 36 Supreme Court (32 Sup. Ct. xiii); Rule 35

of this court (189 Fed. xxii, 109 C. C. A. xxii); In re Claasen, 140 U. S. 200, 11 Sup. Ct. 735, 35 L. Ed. 409; Hudson v. Parker, 156 U. S. 277, 287, 15 Sup. Ct. 450, 39 L. Ed. 424; McKnight v. United States, 113 Fed. 451, 452, 51 C. C. A. 285; Hardesty v. United States, 184 Fed. 269, 274, 106 C. C. A. 411; In re McKenzie, 180 U. S. 536, 549, 550, 21 Sup. Ct. 468, 45 L. Ed. 657; Kitchen v. Randolph, 93 U. S. 86, 23 L. Ed. 810; Logan v. Goodwin, 101 Fed. 654, 41 C. C. A. 573; Title Guaranty Co. v. General Electric Co., 222 U. S. 401, 32 Sup. Ct. 168, 56 L. Ed. 248. Perhaps the discordance may be explained by the difference between the practice in criminal cases and the practice in civil cases. As, however, the first writs are still in force and there can be no doubt that the superseding orders made in October, 1912, were valid, the motion presents only moot questions.

It is accordingly denied, and the consideration and decision of those questions are reserved until they become material.