NASH-BREYER MOTOR CO. (FORMERLY TROY MOTOR SALES CO.), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9345, 11678. Promulgated August 21, 1930.

*Arthur H. Deibert, Esq.,* and *Theodore B. Benson, Esq.,* for the petitioner.

*R. N. Shaw, Esq.,* for the respondent.

#### OPINION.

PHILLIPS: On March 16, 1929, the Board entered an order in each of these proceedings specifying the amount of the deficiency. This order constituted the decision of the Board (sec. 906 (d), Revenue Act of 1926) and became final six months after its entry if no petition for review was filed in the interim (secs. 1005 (a) (1) and 1001 (a), Revenue Act of 1926).

On August 2, 1929, there was filed with the Board an instrument entitled in the above-entitled proceedings and signed by counsel for the respective parties which reads as follows:

IT IS HEREBY AGREED AND STIPULATED, by and between the parties in the above entitled cause, by their respective attorneys, that the decision and orders of the United States Board of Tax Appeals in the said cause, dated the 16th of March 1929, redetermining the amount of income and profits taxes of the said Troy Motor Sales Company for the fiscal years ending June 30, 1920 and June 30, 1921, may be reviewed by. the United States Circuit Court of Appeals for the Second Circuit.

This agreement is made under and pursuant to the provisions of Section 1002 of the Revenue Act of 1926.

Also on August 2, 1929, petitioner filed with the Board its petition for review, the formal portions of which read:

IN THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

Nash-Breyer Motor Co., Formerly Troy Motor Sales Company, Petitioner,
v.
Commissioner of Internal Revenue, Respondent.

B. T. A. Docket Nos. 9345 and 11678.

PETITION FOR REVIEW.

To the Honorable the Judges of the United States Circuit Court of Appeals for the Second Circuit..

Your petitioner, Nash-Breyer Motor Co., formerly Troy Motor Sales Company, is aggrieved by the decisions of the United States Board of Tax Appeals rendered on March 16, 1929, in the cases of Troy Motor Sales Company v. Commissioner of Internal Revenue, Nos. 9345 and 11678 on the docket of the said Board of Tax Appeals, the name and style of the causes having been changed to Nash-Breyer Motor Co., formerly Troy Motor Sales Company, and respectfully submits its petition for review thereof by the United States Circuit Court of Appeals for the Second Circuit, the parties having agreed that the review shall be in this Court, as evidenced by a stipulation filed with the Clerk of the said Board.

STATEMENT OF THE CASE.

*       *       *       *       ○       *       *

II.

ASSIGNMENTS OF ERROR.

*       *       *       *       *       *       *

Wherefore your petitioner prays that the decisions of the Board of Tax Appeals entered herein against it be reviewed by this Honorable Court, and for such other and further relief as the Court may deem meet and proper in the premises.

The time for the preparation and filing of the record on the petition for review was duly extended to December 20, 1929.

On November 27, 1929, a praecipe was filed with the clerk of the Board entitled in these proceedings and signed by counsel for both parties reading as follows:

To the Clerk of the United States Board of Tax Appeals:

You will please prepare and, within sixty days and such additional time as has been granted by the Board, from the date of the filing of the petition for review in the above-stated case, transmit to the clerk of the United States Circuit Court of Appeals for the Second Circuit, certified copies of the following documents:

*       *       *       *       *       *       *

The foregoing to be prepared, certified, and transmitted as required by law and the rules of the United States Court of Appeals for the Second Circuit.

On December 7, 1929, the record was transmitted to the clerk of the Circuit Court of Appeals for the Second Circuit. On June 9, 1930, that court, in a *per curiam* opinion, held that the petition must be dismissed for lack of jurisdiction, for the reasons given in *Massachusetts Fire & Marine Insurance Co.* v. *Commissioner*, 42 Fed. (2d) 189. On June 26, 1930, there was received from the said Circuit Court of Appeals a mandate in which it was " ordered, adjudged and decreed, that the appeal from said Board of Tax Appeals be and it hereby is dismissed for lack of jurisdiction." Subsequently such mandate was recalled by the court and returned to the Board on July 21, 1930, with the following words added to those quoted above: " but without prejudice to any further proceedings before the Board of Tax Appeals to bring the review before the proper United States Circuit Court of Appeals."

We are advised by counsel that these additional words were added under the following circumstances: With the knowledge and acquiescence of opposing counsel, counsel for petitioner appeared before a judge of said court with the request that the petition for review be transferred by the Second Circuit to the Ninth Circuit Court of Appeals. After consideration this request was denied on the ground that after an exhaustive search no authority for such transfer could be found. Amendment to the mandate was made, however, at the request of counsel, with the observation, as quoted by counsel, that counsel had the good wishes of the judge in getting the case into the Ninth Circuit if they could get there through the Board. In these circumstances we can not regard the additional words inserted in the mandate as expressing any affirmative opinion on the part of the court that there was any step which the Board might take to remove the case to the Ninth Circuit; had it entertained any such view it might well have remanded the case with instructions to take the necessary steps. At the same time it does loosen the bonds which might otherwise be regarded as binding counsel and the Board.

On July 30, 1930, petitioner filed a motion entitled in these proceedings, requesting the Board:

1. To enter an order changing the style of the petition to read " In The United States Circuit Court of Appeals For The Ninth Circuit " instead of " In The United States Circuit Court of Appeals For The Second Circuit " and to change the words " Second Circuit " to " Ninth Circuit " wherever they appear in said petition, and striking from the preamble to the petition the following: " the parties having agreed that the review shall be in this Court, as evidenced by a stipulation filed with the Clerk of the said Board."

2. To enter an order enlarging the time for the transmission and delivery by the Clerk of this Board to the Clerk of the United States Circuit Court of Appeals for the Ninth Circuit of certified copies of the documents requisite for such review, until November 1, 1930.

On behalf of petitioner it is urged that under the revenue acts jurisdiction to review the decision of the Board is vested in the circuit courts, that a petition for review vests jurisdiction of the proceeding in those courts and that a designation of the wrong circuit is an error in venue only which may be corrected at any time where the petition for review was filed within the statutory time. We think it unnecessary for us to pass upon this question in disposing of the present motion.

It is said that the Board has not lost jurisdiction over these cases for the reason that the original record is now and must remain with the Board; that what petitioner now seeks is to have another copy of the record transmitted to the proper court, which may then determine whether the petition is properly before it; that whether the Board will grant an amendment to the petition for review is within its discretion, as in the case of other motions to amend, and that the discretion should be exercised to grant the motion.

We may say that if the question was one of discretionary powers, we should be inclined to exercise it as requested by the petitioner. But in our view no power of any sort exists in this Board to amend the petition for review.

The procedure for securing a review of our decisions has been laid down by rules of the circuit courts, as authorized by the statute (sec. 1001 (b), Revenue Act of 1928). To all practical purposes the course pursued is the same as that followed in petitions for review of the judgments of the United States District Courts by writ of error or appeal. The proceeding before the circuit court is commenced by filing a petition for review. This document is addressed to the circuit court and is a pleading in a proceeding before it. Under the rules of the court, it is filed with the clerk of the Board, but it is no part of the pleadings before the Board. The clerk of the Board is required, pursuant to the rules of the court, to prepare and certify the record. The Board must settle a statement of the evidence when required, but has no other powers or duties except as it may, by reason of the authority given it in the rules of most of the circuit courts, enlarge the time for transmitting the record.

In *Draper* v. *Davis*, 102 U. S. 370, it was held that where an appeal had been allowed by the court below, it operated as a *supersedeas* and there was no power in the lower court to increase the amount of a bond on appeal. In *Gould* v. *United States*, 205 Fed. 883, it was said:

The allowance of a writ of error is the commencement of a new suit in the appellate court. Its allowance by the district judge is the act of the appellate court which he is empowered to do for it by act of Congress. This court has plenary power to permit amendments to assignments of errors, * * * and

generally to direct the proceedings here so that all parties may have a fair and full consideration in the court below of which they complain. Moreover this court had the undoubted right to dismiss the first writs of error (which had been granted by the district judge) and to issue the next instant the second writs of error.

In *Simpson* v. *First National Bank*, 129 Fed. 257, the court pointed out that while the allowance of writs of error was within the exercise of judicial discretion, appeals were taken as a matter of right upon furnishing security and complying with the rules of the court. With respect to an appeal the court said:

The only judicial discretion and the only function of the court upon the application for the appeals was to determine the amount and sufficiency of the security which the parties were to present. * * * If the bonds had not been given that court would not have lost and this court would not have gained jurisdiction of this case. The appeals would not have been perfected and the case would have remained in the (lower) court.

The petitioner's position rests upon the assumption that a valid petition for review has been filed. If so, this petition was the pleading which commenced a suit in the circuit court. It is true that the Circuit Court of Appeals for the Second Circuit has remanded the proceeding to this Board, but if, as petitioner contends, this does not dispose of the petition for review it must be because the suit commenced in the circuit court is still pending. If it is pending, petition for review may be amended only either as a matter of right or upon order of the circuit court. It would be a wholly presumptuous usurpation of authority in this Board to attempt to exercise discretion to amend pleadings which are not a part of the record made before it, but of the record in the court above. The mere fact that this pleading is filed with the clerk of the Board gives the Board no greater powers than it would have were the petition for review filed with the court. The clerk of the Board merely acts for the circuit court in receiving and filing such petition. A comparable situation would result if a circuit court of appeals were asked to amend a petition for certiorari addressed to the Supreme Court.

If amendment may be made as a matter of right, no order of the Board or of the court is necessary; if it is a matter of discretion, consent must be obtained from the proper court. That there may be difficulty in determining in which court the petition is pending only serves to indicate that the change sought to be made may be more than merely one of amendment. We have, however, treated the motion to substitute the Ninth Circuit for the Second Circuit as one to amend. The motion for an order of the Board to amend the petition on appeal is denied for lack of jurisdiction. On the present state of the record, we must also deny the motion for an extension of time for the preparation and transmittal of the record.