## UNITED STATES v. MOSLEY.
### No. 6988.

Circuit Court of Appeals, Fifth Circuit.
Jan. 19, 1934.

Rehearing Denied Feb. 9, 1934.

Ben F. Cameron, U. S. Atty., and E. J. Currie, Asst. U. S. Atty., both of Meridian, Miss., and Allen Crenshaw, Atty., U. S. Veterans' Administration, of Jackson, Miss., for the United States.

F. Lewis Peyton, of Jackson, Miss., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal by the United States from a judgment for the plaintiff in a war risk insurance case. A motion for new trial was denied, and judgment was entered on September 30, 1932. Application for an appeal was made and allowed on December 22, 1932. No extension of time for filing the transcript of record has ever been asked for or granted. Several orders were signed by the district judge purporting to extend the time for filing a bill of exceptions up to thirty days after March 28, 1933. Without any order or authority therefor the transcript of record was filed in the clerk's office on May 24, 1933. Citation was not issued until May 17, 1933. Appellee moves to dismiss the appeal for failure to file the transcript of record within the time prescribed by our rules. Rule XIV (5) requires that all appeals and citations be made returnable and the transcript filed in the office of the clerk of this court not exceeding thirty days from the date of the citation, and that the citation be signed immediately after the appeal is allowed. Rule XVI (1) provides: "It shall be the duty of the appellant to docket the case and file the record thereof with the clerk of this court by or before the return day, whether in vacation or in term time. But for good cause shown, the time may be enlarged by the trial judge for an additional sixty days, or by any judge of this court, by, or before its expiration, the order of enlargement to be filed with the clerk of this court." If the appellant fail to comply with this rule, the appellee may have the cause dismissed. After it has been dismissed, appellant shall not be entitled to file the record unless by order of this court.

It is at once apparent that our rules above referred to have been ignored as completely as if they did not exist. Citation should have been issued immediately upon allowing the appeal. In the absence of an order extending the time for filing, the transcript of record was returnable in this court thirty days thereafter. The district judge, upon application being made to him, could have enlarged the time for an additional sixty days. Any further extension could have been allowed only by a judge of this court, if applied for before the expiration of the time named in the district judge's order. The extension of time for filing the bill of exceptions does not take the place of or dispense with the requirement for filing the transcript of record on the return day or within such additional time as properly may be granted by the district judge or a judge of this court. No showing is made or attempted to excuse the failure to file the transcript on the return day or to procure an order of extension. On the contrary, without any semblance of authority for doing so the transcript of record was filed in this court five months after the appeal was taken and eight months after judgment was entered. Under these circumstances, appellee's motion to dismiss the appeal is granted. Accordingly, the appeal is dismissed.